[Cite as *State v. Simmons*, 2019-Ohio-459.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 107144**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**TERRENCE SIMMONS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART; REVERSED IN PART;
REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-613120-A

**BEFORE:** E.A. Gallagher, J., Laster Mays, P.J., and Sheehan, J.

**RELEASED AND JOURNALIZED:** February 7, 2019

**ATTORNEY FOR APPELLANT**

Myriam A. Miranda
P.O. Box 40222
Bay Village, Ohio 44140

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Jeffrey Schnatter
        Shannon M. Raley
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

{¶1}   Defendant-appellant Terrance Simmons appeals after he pleaded guilty to several felonies, including two counts of attempted rape, two counts of abduction, attempted kidnapping, sexual battery, burglary and robbery.  Simmons also pleaded guilty to several misdemeanors, including two counts of telecommunications harassment, two counts of menacing by stalking, criminal damaging, three counts of domestic violence and violating a protection order.   The trial court imposed an aggregate sentence of 11½ years in prison, which included consecutive sentences and concurrent 90-day jail sentences and further ordered restitution to two of the victims.   On appeal, Simmons raises two assignments of error arguing that his sentence is contrary to law and that the court accepted his guilty plea in violation of Crim.R. 11.   We address Simmons' assignments of error in reverse order to facilitate our analysis.   For the reasons that follow, we affirm in part, reverse in part and remand.

<u>I. Knowing, Voluntary and Intelligent Plea</u>

{¶2} In his second assignment of error, Simmons argues that the court erred by accepting his guilty plea in violation of Crim.R. 11. He claims that his plea was not knowing, voluntary and intelligent, alleging that he was erroneously informed about the possible consequences of pleading guilty. Simmons argues that his decision to plead guilty was in part predicated on the prosecutor's suggestion during plea negotiations that Counts 6 and 7 should merge. Because the prosecutor subsequently argued against merger of those counts at sentencing, Simmons claims he was not aware of the potential penalties.

{¶3} Simmons argues that his decision to plead guilty was also based, in part, on his understanding that he would pay one of the victims $681 in restitution. He claims that since the court additionally ordered restitution for a second victim, he pleaded guilty without full knowledge of the potential consequences. Crim.R. 11(C) requires a trial court to ensure a defendant who pleads guilty in a felony case to do so knowingly, voluntarily and intelligently. Before accepting such a plea the court must ensure the defendant is pleading (1) voluntarily, with the understanding of the nature of the charges and maximum penalties, (2) with an understand of the effect of the guilty plea and (3) with an understanding of the constitutional rights he or she thereby waives. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 8-13.

{¶4} With respect to the nonconstitutional notifications required by Crim.R. 11(C), such as the right to be informed of the maximum penalty and the effect of a guilty plea, a trial court need only substantially comply. *Id.* at ¶ 14. Where a defendant alleges a nonconstitutional violation of Crim.R. 11, the defendant must further show prejudice, namely that he or she would not have made the plea absent the violation. *Id.* at ¶ 15; *see also State v. Williams*, 8th Dist. Cuyahoga No. 106570, 2018-Ohio-5022, ¶ 15 ("[A] trial court's failure to properly advise a

defendant of his or her nonconstitutional rights will not invalidate a plea unless the defendant demonstrates prejudice.").

{¶5} Here, during the plea colloquy, the trial court reviewed each count to which Simmons was going to plead guilty. As relevant here, the court stated that Count 6, attempted rape, was a second-degree felony and that Count 7, attempted kidnapping, was also a second-degree felony. Simmons confirmed that he understood. The court explained the potential penalties Simmons faced for each individual count. As relevant here, the court explained that Counts 6 and 7 were "each punishable by a potential term of incarceration in yearly increments of two, three, four, five, six, seven, or eight years in the state penitentiary * * *." Tr. 42. Simmons again confirmed that he understood.

{¶6} Simmons' complaint about merger misses the mark. Crim.R. 11 does not embrace consideration of merger. *See State v. Reed*, 8th Dist. Cuyahoga No. 105862, 2018-Ohio-3040, ¶ 26 ("[T]here is no requirement in Crim.R. 11 that the trial court must ensure a defendant understands the merger of offenses for purposes of sentencing before accepting his plea."); *see also State v. Carnahan*, 3d Dist. Defiance No. 4-15-18, 2016-Ohio-3213, ¶ 23 ("[T]here is no obligation under Crim.R. 11(C)(2) for the trial court to determine, at a plea hearing, whether the offenses at issue are allied offenses * * *."). As such, whatever the prosecutor stated he believed about merger during plea negotiations, regardless of whether he subsequently contradicted himself, is irrelevant to the determination of whether Simmons' plea was knowing, voluntary and intelligent. Moreover, whether offenses merge is a determination for the court to make at sentencing, not for the prosecutor during plea negotiations. *See State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 203 (R.C. 2941.25(A) requires sentencing court conduct merger analysis to determine whether offenses are allied).

**{¶7}** We also reject Simmons' contention that his guilty plea was infirm because the agreement included a provision that he would pay $681 to one victim and the court required him to pay restitution to another. During the plea colloquy the court informed Simmons that it could order him to pay restitution: "I can make you pay * * * restitution, which at least is proposed to be $681 to — I don't have the gentleman's name * * * [t]o [T.M.]." Tr. 47. Simmons confirmed he understood.

**{¶8}** Simmons cites no authority in support of the proposition that a guilty plea violates Crim.R. 11 where it does not indicate the full amount of restitution a defendant must pay. *Compare State v. T.M.*, 8th Dist. Cuyahoga No. 101194, 2014-Ohio-5688, ¶ 7 ("[T]he plain language of R.C. 2929.18(A)(1) establishes that if the trial court orders restitution at sentencing, it must determine the amount of restitution at that time."); *see also State v. Wilson*, 8th Dist. Cuyahoga No. 102645, 2015-Ohio-5143, ¶ 11 (no Crim.R. 11 violation where court does not advise defendant about restitution at time of plea hearing when defendant fails to allege or demonstrate prejudice). Furthermore, and more fundamentally, nothing about Simmons' agreement to pay restitution to one victim foreclosed the court's ability to order him to pay restitution to another. The court never indicated that it would limit restitution to $681.[1] We overrule this assignment of error.

## II. Sentence Contrary to Law

**{¶9}** In his first assignment of error, Simmons argues that his sentence is contrary to law for three reasons: (1) the record does not support consecutive sentences, (2) the journal entry

---

[1] We address whether the amount of restitution the court ordered was appropriate in the following assignment of error.

does not reflect what transpired at the sentencing hearing and (3) the court ordered him to pay an arbitrary amount of restitution.   We address each in turn.

## 1. Consecutive Sentences

{¶10} Simmons claims that the record does not support consecutive sentences.   He argues that consecutive sentences are contrary to law because he disagrees with how the trial court applied R.C. 2929.12 mitigating factors.   In support of his claim, Simmons refers to various mitigating factors that the court considered: letters of support, his remorse, claims that his time spent in jail during the pendency of the case had been "very difficult," counsel's belief that he would not re-offend and his mother's pleas for leniency.   Simmons concedes that the trial court made the requisite R.C.2929.14(C)(4) findings before it imposed consecutive sentences.[2]   He does not challenge any individual sentence as being contrary to law.

{¶11} Where the trial court made the requisite consecutive sentencing findings, R.C. 2953.08(G)(2) requires this court to affirm an order of consecutive service unless we "clearly and convincingly" find that the record does not support the court's findings in support of consecutive sentences.   *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453, ¶ 21 (8th Dist.) ("This is an extremely deferential standard of review.").

{¶12} R.C. 2929.12 provides that "the court shall consider" the incorporated seriousness and recidivism factors when determining a criminal sentence.   *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 9.   Those factors specifically pertain to "a sentence" imposed by the court.   *State v. Kirkman*, 8th Dist. Cuyahoga No. 103683, 2016-Ohio-5326, ¶ 9.  "A sentence is the sanction or combination of sanctions imposed for each separate, individual

---

[2] Our review of the record indicates that the court made the proper findings at the sentencing hearing, however it failed to record these findings in its journal entry.   *See State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 30 (sentence not contrary to law where findings were made in open court but not properly recorded; remedy is nunc pro tunc entry to correct journal entry).

offense." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph one of the syllabus.

{¶13} This court has thus concluded that R.C. 2929.12 relates to a court's discretion as it pertains to individual counts. *Id.* Consecutive sentences on the other hand, by definition and pursuant to R.C. 2929.14(C)(4), necessarily involve "multiple prison terms * * * imposed on an offender for convictions of multiple offenses." Accordingly, R.C. 2929.12 does not apply to consecutive sentence issues. *State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 64 (8th Dist.). We reject Simmons' argument.

### 2. Journal Entry and Sentencing Hearing

{¶14} Simmons next argues that his sentence is contrary to law because of ambiguities in the court's journal entry and discrepancies between it and what actually occurred at sentencing. He claims that the sentence which the court journalized was different from the sentence it imposed in open court. He claims that the court did not announce whether the sentence for Count 10 would be run consecutive or concurrent. And he claims that the journal entry lists him as both a tier I and a tier III sex offender.

{¶15} Review of the record reflects that at the sentencing hearing, the trial court sentenced Simmons as follows:

> Count 1, the charge of attempted rape, that will be a three-year sentence. On Count 3, the charge of sexual battery, that will be a one-year sentence. On Count 6, the charge of attempted rape, it will be a three-year sentence. On Count 7, a charge of attempted kidnapping, it will be a three-year sentence. On Count 10, the charge of burglary, it will be an 18-month sentence. Count 14, charge of robbery, it will be an 18-month sentence. Count 15, the charge of abduction, it

will be an 18-month sentence. Count 20, charge of abduction, that will be an 18-month sentence

* * *

The sentences in Counts 6 and 7, each a three-year sentence, will be run concurrent with each other, but the sentences in Counts 1, 3, 6 and 7, 14, 15, and 20 will all run consecutive to each other.

Tr. 92-93. Simmons' total term was thus 11½ years in prison. However, as Simmons notes, the court misspoke at sentencing and stated his aggregate term was 12½ years. Although counsel did not object to this misstatement, or otherwise address it on the record, the court did correct it in its journal entry. *See* Crim.R. 36 ("[E]rrors in the record arising from oversight or omission may be corrected by the court at any time."). We reject Simmons' claim.

{¶16} Simmons next complains that the court failed to specify at sentencing whether it ordered consecutive or concurrent service for Count 10. As noted, the trial court imposed an 18-month sentence for each of Counts 10 and 14. At sentencing, the court stated "[t]he sentences in Counts 6 and 7 * * * will run concurrent with each other, but the sentences in Counts 1, 3, 6 and 7, 14, 15, and 20 will all run consecutive to each other." However, the court's journal entry reflects that the court substituted Count 10 for Count 14 in the consecutive counts: "Counts 1,3, 6, 10, 15 and 20 run consecutive to each other for a total of 11+1/2 years. All other counts run concurrent for a sentence of 11+1/2 years."

{¶17} Although the court's journal reflects that Count 10 was to be served consecutively, instead of Count 14, which it ordered to be served consecutively at sentencing, Simmons' sentence nevertheless remained the same. As a general rule in Ohio, there is a presumption in favor of concurrent sentences unless the court makes the requisite R.C. 2929.14(C)(4). *See*

*Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 22-23. We remand the case to the trial court to correct its journal entry to reflect that court ordered Count 14 to be consecutive and Count 10 to be concurrent.

{¶18} Simmons next claims that the court's journal entry refers to two different sex offender classifications. He complains that the journal entry lists both tier I and tier III registration requirements where at sentencing, the court only imposed tier III requirements.

{¶19} Review of the record reflects that at sentencing, the trial court explained to Simmons that because he pleaded guilty to two counts of attempted rape and one count of sexual battery that he would be required to register as a tier III sex offender. The court then went through a form explaining that Simmons was a tier III sex offender and outlined his registration duties. The court confirmed that Simmons understood. The journal entry reflects that Simmons "is tier III sex offender/child victim offender registrant; lifetime in-person verification every 90 days." However, the journal entry also contains the statement that "[t]ier I sex offender advised on record and in open court." This is a simple typographical error and casts no doubt on Simmons' status as a tier III sex offender. On remand we instruct the trial court to correct this error.

### 3. Restitution Amount

{¶20} Simmons, for the first time on appeal, complains that the court ordered the arbitrary amount of $1,500 in restitution for the victim T.J. He did not object when the court imposed it. The state concedes that the record only supports restitution for this victim in the amount of $1,450.

{¶21} R.C. 2929.18(A)(1) governs restitution and provides that a court may base the amount of restitution on a presentence investigation report so long as the amount does not exceed

the victim's economic loss.

{¶22} Here, the presentence investigation report indicates that the victim A.M. claimed $1,450 in economic losses. It does not indicate that T.J. sought restitution. At sentencing, the court ordered Simmons pay $1,500 in restitution to T.J., the wrong amount to be paid to the wrong victim. While the journal entry does list the correct victim, it nevertheless indicates an amount of restitution not supported by the record.

{¶23} We affirm Simmons' sentence. However, we reverse the trial court's restitution order for A.M and remand the case to the trial court to order restitution for her that does not exceed the amount of economic loss suffered and for the issuance of a nunc pro tunc journal entry that reflects: (1) the court imposed consecutive sentences, (2) consecutive service was ordered for Counts 1, 3, 6, 14, 15 and 20 and (3) a correction of the typographical error that refers to Simmons as a "tier I" sex offender.

{¶24} The judgment of the trial court is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

ANITA LASTER MAYS, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR