[Cite as *State v. Clay*, 2020-Ohio-1499.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                             No. 108500

    v.                             :

RANDY CLAY,                             :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 16, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-18-631797-A, CR-18-631963-B, and CR-18-632845-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Hannah Smith, Assistant Prosecuting
Attorney, *for appellee.*

Brian A. Smith Law Firm, L.L.C., and Brian A. Smith, *for
appellant.*

EILEEN T. GALLAGHER, A.J.:

{¶ 1} Defendant-appellant, Randy Clay, appeals from his sentence. He

raises the following assignments of error for review:

> 1. The trial court's imposition of consecutive sentences upon Clay was
> not supported by the record.

2. The record does not support the imposition of the nine-year prison sentence upon Clay.

{¶ 2} After careful review of the record and relevant case law, we affirm Clay's sentence.

## I. Procedural and Factual History

{¶ 3} This appeal stems from Clay's participation in a series of separate burglaries that occurred at various apartment complexes located in Cleveland, Ohio.

{¶ 4} In Cuyahoga C.P. No. CR-18-631797-A, Clay was named in a six-count indictment, charging him with three counts of burglary in violation of R.C. 2911.12(A)(2); two counts of grand theft in violation of R.C. 2913.02(A)(1); and a single count of petty theft in violation of R.C. 2913.02(A)(1).

{¶ 5} In Cuyahoga C.P. No. CR-18-631963-B, Clay was named in an eight-count indictment, charging him with three counts of theft in violation of R.C. 2913.02(A)(1); three counts of burglary in violation of R.C. 2911.12(A)(3); and two counts of vandalism in violation of R.C. 2909.05(B)(1)(b).

{¶ 6} In Cuyahoga C.P. No. CR-18-632845-A, Clay was named in a two-count indictment, charging him with burglary in violation of R.C. 2911.12(A)(2); and petty theft in violation of R.C. 2913.02(A)(1).

{¶ 7} A consolidated plea hearing was held in February 2019. At the onset of the hearing, defense counsel expressed that Clay wished to accept a negotiated plea agreement with the state that encompassed all three cases. Pursuant to the

packaged plea agreement, Clay agreed to plead guilty to five burglary offenses in exchange for the dismissal of the remaining counts in each case. The prosecutor expressed that Clay's sentencing "exposure" under the plea agreement would be "up to 15 years."

{¶ 8} Prior to accepting Clay's plea, the trial court engaged Clay in the necessary Crim.R. 11(C) plea colloquy. During this colloquy, Clay stated that he understood the nature of his charges, the maximum penalties he faced, and the rights he was waiving by entering a plea. Thereafter, Clay pleaded guilty in Case No. CR-18-631797-A to two counts of burglary in violation of R.C. 2911.12(A)(2), low-tier felonies of the third degree. In Case No. CR-18-631963-B, Clay pleaded guilty to two counts of burglary in violation of R.C. 2911.12(A)(3), low-tier felonies of the third degree. In Case No. CR-18-632845-A, Clay pleaded guilty to an amended count of burglary in violation of R.C. 2911.12(A)(3), a low-tier felony of the third degree. The counts remaining in each case were nolled.

{¶ 9} Upon accepting Clay's guilty plea, the trial court found Clay guilty of the offenses and referred him to the Adult Probation Department for the completion of a presentence investigation and report ("PSI report").

{¶ 10} A consolidated sentencing hearing was held in March 2019. Clay spoke on his own behalf. He expressed remorse for his involvement in the crimes and indicated that he has "a very bad drug addiction." Defense counsel also spoke on Clay's behalf. Counsel outlined Clay's "severe drug use" and indicated that Clay's participation in the string of burglaries was "fueled by his relapse and need

for money." Counsel further noted that the offenses were "property based," involving the theft of televisions from the lobby area of each apartment complex, and did not involve the use of weapons or injuries to any parties. Given Clay's "drug relapse and his need for treatment," defense counsel sought leniency from the court and requested the court to "consider the lower end of a prison sentence." In contrast, the state sought a prison sentence at the "high end" of Clay's exposure of "up to 15 years." The state noted that the crimes involved multiple victims and that Clay "committed these offenses while on APA supervision."

{¶ 11} After reviewing the PSI report, hearing from Clay, his counsel and the state, the trial court sentenced Clay to 36 months in prison on each burglary offense in Case No. CR-18-631797-A, to run concurrently to each other, but consecutive to the prison terms imposed in Case Nos. CR-18-631963-B and CR-18-632845-A. In Case No. CR-18-631963-B, the trial court sentenced Clay to 36 months in prison on each burglary offense, to run concurrently to each other, but consecutive to the prison terms imposed in Case Nos. CR-18-631797-A and CR-18-632845-A. In Case No. CR-18-632845-A, the trial court sentenced Clay to 36 months in prison on his burglary offense, to run consecutive to the prison term imposed in Case No. CR-18-631963-B. Thus, Clay was ordered to serve an aggregate nine-year prison term. In addition, the trial court ordered Clay to pay restitution in an amount totaling $1,616.77.

{¶ 12} Clay now appeals from his sentence.

## II. Law and Analysis

### A. Consecutive Sentences

{¶ 13} In his first assignment of error, Clay argues the trial court's imposition of consecutive sentences was not supported by the record.

{¶ 14} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law." The imposition of consecutive sentences is contrary to law if a trial court fails to make the findings mandated by R.C. 2929.14(C)(4). *State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, ¶ 24 (8th Dist.), citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37.

{¶ 15} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction

imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 16} Compliance with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *Bonnell* at ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). Further, the reviewing court must be able to discern that the record contains evidence to support the findings. *State v. Davis*, 8th Dist. Cuyahoga No. 102639, 2015-Ohio-4501, ¶ 21, citing *Bonnell* at ¶ 29. A trial court is not, however, required to state its reasons to support its findings, nor is it required to precisely recite the statutory language, "provided that the necessary findings can be found in the record and are incorporated in the sentencing entry." *Bonnell* at ¶ 37.

{¶ 17} Where the trial court made the requisite consecutive sentencing findings, R.C. 2953.08(G)(2) requires this court to affirm an order of consecutive service unless we "clearly and convincingly" find that the record does not support

the court's consecutive sentences findings. *State v. Simmons*, 8th Dist. Cuyahoga No. 107144, 2019-Ohio-459, ¶ 11.

> Clear and convincing evidence is that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

*Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 18} In this case, the trial court made the following statement on the record:

> The Court makes the following findings with reference to his sentencing. The Court does find that consecutive sentences are necessary to protect the public from future crime; that consecutive sentences are necessary to punish the offender; that consecutive sentences are not disproportionate to the seriousness of the offender's conduct; that consecutive sentences are not disproportionate to the danger the offender poses to the public. And the Court finds that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 19} On appeal, Clay concedes that the trial court made the necessary findings for imposing consecutive sentences under R.C. 2929.14(C)(4). However, Clay contends that the court's findings were not supported by the record. Clay asserts that relevant mitigating circumstances, including his history of substance abuse and the nonviolent nature of his offenses, are factors that support the imposition of concurrent sentences.

{¶ 20} After careful review of the record in its entirety, we find no basis to clearly and convincingly conclude that the record does not support the court's findings under R.C. 2929.14(C)(4). As this court explained in *State v. Venes*, 2013-Ohio-1891, 992 N.E.2d 453 (8th Dist.), "[t]his is an extremely deferential standard of review":

> It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge.

*Id.* at ¶ 21.

{¶ 21} In this case, the offenses committed by Clay involve a series of burglaries of apartment complexes over a period of two months. Clay's PSI report reflects that Clay stole various pieces of property from the apartment complexes, including numerous televisions, a weed trimmer, four or five Federal Express mail packages, and a generator. In the process of facilitating these crimes, Clay caused structural damage to several of the properties. In addition, the record reflects that the offenses occurred while Clay was "under Adult Parole Authority supervision." Clay has an extensive criminal record, including numerous adult convictions for similar property-related offenses, spanning from 1997 to 2016. In fact, the record reflects that Clay was convicted of at least one felony or misdemeanor offense in each of the following years: 1997, 1998, 1999, 2000, 2001, 2002, 2003, 2005, 2006, 2007, 2009, 2010, 2011, 2015, and 2016. Most recently, Clay was convicted

in 2016 for committing a burglary offense with the same codefendant that is involved in the present case. He was placed on community control sanctions, with drug-treatment conditions. Given his criminal history and issues of substance abuse, Clay's PSI report indicates that he has a "very high risk" for recidivism.

{¶ 22} Under the totality of these circumstances, we are unable to clearly and convincingly find the record does not support the trial court's findings under R.C. 2929.14(C)(4), or that the sentence is otherwise contrary to law. In addition, the trial court's findings were properly incorporated into the sentencing journal entries as required under *Bonnell.*

{¶ 23} Clay's first assignment of error is overruled.

## B. Purposes and Principles of Felony Sentencing

{¶ 24} In his second assignment of error, Clay argues that "[his] sentence, the maximum term of imprisonment on each count, with the sentences in each case ran consecutively to one another, was not supported by the record." Relying on relevant sentencing factors set forth under R.C. 2929.11 and 2929.12, Clay contends that his sentence "should be vacated and the case remanded for resentencing, or in the alternative, reduced or modified to run the sentences in one or more of [his] cases concurrently to one another."

{¶ 25} Initially, we note that, to the extent Clay relies on the R.C. 2929.11 and 2929.12 factors to dispute the consecutive nature of his sentences, a plurality decision by the Ohio Supreme Court has recognized that an appellate court may only review individual felony sentences under R.C. 2929.11 and 2929.12, while R.C.

2953.08(G)(2) is the exclusive means of appellate review of consecutive felony sentences. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, 141 N.E.3d 169. The court explained as follows:

> While R.C. 2953.08(G)(2)(a) clearly applies to consecutive-sentencing review, R.C. 2929.11 and 2929.12 both clearly apply only to individual sentences. R.C. 2929.11 speaks in terms of a court imposing "a sentence" for "a felony." Likewise, R.C. 2929.12(A) speaks in terms of a court imposing "a sentence" for "a felony." This language is consistent with our precedent establishing that "[a] sentence is the sanction or combination of sanctions imposed for each separate, individual offense." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph one of the syllabus. Consecutive service may not be ordered under R.C. 2929.14(C)(4) until the sentencing judge imposes a prison term for each individual count, and the judge must first impose a sentence for each count by considering the purposes and principles of felony sentencing under R.C. 2929.11 and 2929.12.

*Id.* at ¶ 17. Thus, our consideration of the court's compliance with the mandates of R.C. 2929.11 and 2929.12 is limited to a review of Clay's individual prison terms.

{¶ 26} A sentence is contrary to law if it falls outside the statutory range for the particular degree of offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58. R.C. 2929.11 and 2929.12 are not fact-finding statutes. Therefore, although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the court is not required to make findings or give reasons for imposing more than the minimum sentence. *State v. Pavlina*, 8th Dist. Cuyahoga No.

99207, 2013-Ohio-3620, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 27} Applying the foregoing, courts have "refused to find that a sentence is contrary to law when the sentence is in the permissible range and the court's journal entry states that it 'considered all required factors of the law' and 'finds that prison is consistent with the purposes of R.C. 2929.11.'" *State v. Williams*, 8th Dist. Cuyahoga No. 100042, 2014-Ohio-1618, ¶ 17, quoting *State v. May*, 8th Dist. Cuyahoga No. 99064, 2013-Ohio-2697, ¶ 16.

{¶ 28} Under R.C. 2929.11(A), the three overriding purposes of felony sentencing are "to protect the public from future crime by the offender and others," "to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *," and "to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." Additionally, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶ 29} Furthermore, in imposing a felony sentence, "the court shall consider the factors set forth in [R.C. 2929.12(B) and (C)] relating to the seriousness of the conduct [and] the factors provided in [R.C. 2929.12(D) and (E)] relating to the likelihood of the offender's recidivism * * *." R.C. 2929.12.

{¶ 30} When a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, "[a]n appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, at ¶ 23.

{¶ 31} Relevant to this appeal, this court has previously explained that:

"'The weight to be given to any one sentencing factor is purely discretionary and rests with the trial court.'" *State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶ 20, quoting *State v. Ongert*, 8th Dist. Cuyahoga No. 103208, 2016-Ohio-1543, ¶ 10, citing *State v. Torres*, 8th Dist. Cuyahoga No. 101769, 2015-Ohio-2038, ¶ 11. A lawful sentence "'cannot be deemed contrary to law because a defendant disagrees with the trial court's discretion to individually weigh the sentencing factors. As long as the trial court considered all sentencing factors, the sentence is not contrary to law and the appellate inquiry ends.'" *Price* at *id.*, quoting *Ongert* at ¶ 12.

*State v. Bailey*, 8th Dist. Cuyahoga No. 107216, 2019-Ohio-1242, ¶ 15.

{¶ 32} In this case, the record demonstrates that the trial court imposed individual prison terms within the applicable statutory ranges and expressed in each sentencing journal entry that it considered all required factors of law and found Clay's sentence to be consistent with the purposes of R.C. 2929.11. Accordingly, the record shows that the court fulfilled its obligations under both R.C. 2929.11 and 2929.12.

{¶ 33} While Clay's remorse and need for substance abuse treatment are relevant and substantial factors, so too are the factors correlating to the economic harm suffered by the victims, Clay's commission of the offenses while under the

supervision of the Adult Parole Authority, Clay's criminal history, and Clay's unfavorable response to sanctions previously imposed for criminal convictions. *See* R.C. 2929.12. This court is not permitted to substitute our judgment for that of the sentencing court. *State v. Franklin*, 8th Dist. Cuyahoga No. 107482, 2019-Ohio-3760, ¶ 47. Nor are we empowered to independently weigh the relevant sentencing factors on review. *Id.* Given the nature of Clay's conduct and the breadth of his criminality, we are unable to conclude that Clay's individual sentences were clearly and convincingly unsupported by the record.

**{¶ 34}** Clay's second assignment of error is overruled.

**{¶ 35}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS IN JUDGMENT ONLY