[Cite as *State v. Taylor*, 2022-Ohio-4391.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellee,                 :

                                   No. 111391

    v.                                          :

GEORGE R. TAYLOR                             :

    Defendant-Appellant.               :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 8, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-20-652992-A, CR-20-655234-A, and CR-21-656681-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kevin Bringman, Assistant Prosecuting
Attorney, *for appellee*.

Bennet Legal, LLC, and Mark S. Bennett, *for appellant*.

MICHELLE J. SHEEHAN, J.:

{¶ 1} In this appeal, defendant-appellant George Taylor ("Taylor") appeals from sentences imposed on his convictions for rape, abduction, felonious assault, attempted felonious assault, and robbery in three felony cases. The trial court

sentenced Taylor to consecutive sentences and to an aggregate indefinite prison sentence pursuant to the Reagan Tokes Law. Because the trial court made the necessary findings to impose consecutive sentences that were supported by the record and where this court has previously overruled Taylor's challenges to the constitutionality of the Reagan Tokes Law, we affirm the sentences imposed.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} Taylor was indicted in three separate cases from November 2020 through February 2021. On November 10, 2020, Taylor was indicted in Cuyahoga C.P. No. CR-20-652992 for one count of carrying a concealed weapon and one count of improper handling of a firearm in a motor vehicle for actions occurring on September 7, 2020. On December 18, 2020, he was indicted in Cuyahoga C.P. No. CR-20-655234 for four counts of rape, one count of abduction, one count of felonious assault, and one count of robbery for actions occurring on September 18, 2020. On February 25, 2021, he was indicted in Cuyahoga C.P. No. CR-21-656681, for one count of felonious assault for actions occurring on February 2, 2021.

{¶ 3} On November 29, 2021, Taylor entered into a plea agreement with the state of Ohio. In Cuyahoga C.P. No. CR-20-655234, Taylor pleaded guilty to one count of rape, a felony of the first degree; one count of abduction, a felony of the second degree; and one count of felonious assault, a felony of the second degree. In Cuyahoga C.P. No. CR-20-652992, Taylor entered pleas of guilt to carrying a concealed weapon and improper handling of a firearm in a motor vehicle, both felonies of the fourth degree and agreed to forfeit the weapon. In Cuyahoga C.P.

No. CR-21-656681, Taylor pleaded guilty to one count of attempted felonious assault. During the plea hearing, the trial court informed Taylor of the maximum aggregate sentence he could receive, that he could receive consecutive sentences, and that he would be subject to an indefinite sentence pursuant to the Reagan Tokes Law.

{¶ 4} On January 13, 2022, the trial court conducted a sentencing hearing. At the hearing, the state put forth facts underlying the crimes to which Taylor pleaded guilty. As to the rape case, the state read the victim's statement into the record. The victim's statement indicated that she met Taylor, entered Taylor's car, and was assaulted. The victim indicated that Taylor raped her and forced her to perform oral sex. In an attempt to escape, the victim reported she was able to briefly leave the car, but Taylor forced her back into the car, where he continued to sexually assault her. After the assault, Taylor violently removed her from the car, causing her to hit her head. Taylor then took the victim's phone and keys and left. The victim went to a nearby store and called the police.

{¶ 5} As to the attempted felonious assault case, the state indicated that Taylor was detained in the Parma jail, was on the phone, and when another detainee asked to use the phone, Taylor refused. An argument ensued with Taylor punching the victim in the face multiple times. The victim suffered a broken jaw that required facial surgery and a steel plate to repair.

{¶ 6} The state also provided details concerning the weapons case to the trial court, indicating that the charges resulted from police investigating a report

about a reckless driver. Officers encountered Taylor, he admitted to reckless driving, and upon a search, police found a handgun. Taylor admitted the gun was his.

{¶ 7} Taylor's counsel told the trial court that the plea agreement was made as "a global resolution" of the cases and disputed the events related by the rape victim and noted inconsistencies in her statement. Counsel further argued that it did not receive the videotape referenced of the attempted assault and argued that several of the counts to which Taylor pleaded guilty were allied offenses of similar import.

{¶ 8} Counsel offered evidence for the trial court to consider in mitigation, including that Taylor was compliant with the trial court's pretrial conditions of release in these cases, that he was employed, and that he was expecting his first child to be born. Counsel referenced Taylor's upbringing and history and noted that since these cases were indicted, Taylor has changed his behavior.

{¶ 9} Taylor addressed the trial court, expressed remorse, and indicated he accepted responsibility for his actions. Taylor said that he wished to lead a life "by the teachings of God." He further told the court that the loss of his grandmother changed his life, that he didn't have a father figure in his life, and that he was looking forward to becoming a responsible father. He iterated his desire to change and asked for leniency. Taylor's girlfriend spoke on his behalf and asked for leniency, telling the court that Taylor is "important to a lot of people and we care about him."

{¶ 10} Prior to imposing sentence, the trial court stated that it reviewed the case files, the presentence investigation reports, and applicable Ohio Revised Code sections on felony sentencing. The trial court also stated it reviewed an institutional report from the Ohio Department of Corrections that included infractions Taylor committed while in prison. The trial court informed Taylor of the operation and effect of the indefinite sentence that it would impose pursuant to the Reagan Tokes Law for the rape conviction. The trial court also detailed Taylor's criminal history and noted multiple traffic violations, several misdemeanor convictions that included assault and petty theft convictions, a prior felony conviction, prior community-control violations, and a prior prison sentence. The trial court stated that Taylor's institutional history did "not show the defendant particularly listens to authority."

{¶ 11} In Cuyahoga C.P. No. CR-20-655234, the trial court determined that the rape and abduction charges were allied offenses of similar import and imposed an indefinite prison term of 8 to 12 years for the rape charge and a concurrent prison sentence of 5 years on the charge of felonious assault. In Cuyahoga C.P. No. CR-20-652992, the trial court found the two charges to be allied offenses of similar import and imposed a 17-month sentence on the carrying-a-concealed-weapon charge, ordering that sentence to be served concurrent to the sentence imposed in Cuyahoga C.P. No. CR-20-655234. In Cuyahoga C.P. No. CR-21-656681, the trial court imposed a 12-month sentence for attempted felonious assault and ordered the sentence to be served consecutive to the sentences imposed in Taylor's

other cases. In total, the trial court imposed an aggregate sentence of 9 to 13 years.

In imposing consecutive sentences, the trial court stated:

> The Court finds it is necessary to punish the offender and protect the public from future crime and it is not disproportionate to the seriousness of the conduct and danger imposed by the defendant; and two or more offenses are part of one or more courses of conduct; and the harm caused is so great or unusual that a single prison term would not adequately reflect the seriousness of the crime; and the offender's criminal history demonstrates consecutive sentences are necessary to protect the public.

(Tr. 105.)

## LAW AND ARGUMENT

### Summary of the Assignment of Errors

{¶ 12} Taylor raises two assignments of error within this appeal. The first assignment of error addresses the imposition of consecutive sentences; it reads:

> The record does not support the findings that consecutive sentences were appropriate.

{¶ 13} Under this assignment of error, Taylor argues that the record does not support the findings made by the trial court. The state argues that the trial court correctly made the findings in order to impose consecutive sentences and that the record supports the findings made because of Taylor's extensive criminal history and the extent of harm caused to his victims and the public.

{¶ 14} Taylor's second assignment of error addresses the constitutionality of the indefinite sentence the trial court imposed pursuant to the Reagan Tokes Law. It reads:

> Appellant's indefinite sentence imposed under the Reagan Tokes sentencing scheme violates Appellant's rights under the United States

Constitution applied to the state of Ohio through the Fourteenth Amendment and the Ohio Constitution as it denies Appellant due process of law; violates the Sixth Amendment right to a jury trial; violates the separation of powers doctrine; does not provide fair warning of the dictates of the statute to ordinary citizens; and the statute conferred too much authority to the Ohio Department of Rehabilitation and Correction (ODRC).

{¶ 15} Under this assignment of error, Taylor presents several challenges to the constitutionality of the Reagan Tokes Law, which provides for an indefinite sentencing scheme for certain serious felony offenses. The state argues that the constitutionality of the Reagan Tokes Law has been determined by this court en banc in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.), and asks this court to overrule the second assignment of error on that authority.

## Consecutive Sentences

{¶ 16} R.C. 2929.14(C)(4) provides that when imposing consecutive sentences, a sentencing court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that the sentences are not disproportionate to the seriousness of the conduct, and one of the following:

a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 17} An offender may challenge consecutive sentences on appeal by arguing that the sentencing court failed to make the findings required by R.C. 2929.14(C)(4) or that the record does not support the findings made by the trial court. *State v. Clay*, 8th Dist. Cuyahoga No. 108500, 2020-Ohio-1499; *State v. Simmons*, 8th Dist. Cuyahoga No. 107144, 2019-Ohio-459. "Where the trial court made the requisite consecutive sentencing findings, R.C. 2953.08(G)(2) requires this court to affirm an order of consecutive service unless we 'clearly and convincingly' find that the record does not support the court's findings in support of consecutive sentences." *Simmons* at ¶ 11.

### The trial court made the necessary findings to impose consecutive sentences and those findings are supported by the record

{¶ 18} The trial court imposed consecutive sentences and, pursuant to R.C. 2929.14(C), found that consecutive sentences were necessary to "punish the offender and protect the public from future crime," that "two or more of the offenses are part of one or more courses of conduct," and that "the harm was so great or unusual that a single term does not adequately reflect the seriousness of the conduct." The trial court also found that the "offender's criminal history shows consecutive sentences are needed to protect the public." The trial court complied with R.C. 2929.14(C) and made the necessary findings to impose consecutive sentences.

{¶ 19} Taylor argues that although the trial court made the statutorily required findings, it did not provide a basis for those findings other than stating that Taylor's "criminal history shows consecutive sentences are needed to protect the public." However, "a trial court is not required by Crim.R. 32(A)(4) to give reasons supporting its decision to impose consecutive sentences." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 27.

{¶ 20} In these cases, the record provides support for the trial court's findings. Taylor admitted to several felony offenses he committed over the course of several months, which included violent offenses. In the rape case, in addition to trauma caused by the sexual assault, the victim reported other injuries she sustained, to include contusions, scratches, road rash, and a concussion due to her "head being smashed in the concrete." She further informed the trial court that she had to make alternative plans for her education due to the extent of her injuries and that her education was delayed.

{¶ 21} The victim of the attempted felonious assault described injuries he sustained, to include a fractured jaw that required surgery. In addition to the harm Taylor caused the victims, the record reflects that Taylor had an extensive history of misdemeanor convictions and arrests, had a prior felony conviction, and had violations of community-controlled sanctions. Taylor served a prior prison sentence in which the institutional summary provided to the trial court did "not show [Taylor] particularly listens to authority." We find that the findings made by the trial court are supported by the record.

{¶ 22} Taylor's first assignment of error is overruled.

**Reagan Tokes Law**

**Taylor's challenges to the Reagan Tokes Law have been overruled**

{¶ 23} Within his second assignment of error, Taylor contends that the Reagan Tokes Law is unconstitutional because it denies him the right to due process, violates his sixth amendment right to a jury trial, and violates the separation of powers doctrine. This court, sitting en banc, addressed and overruled these arguments in *Delvallie*, 2022-Ohio-470, 185 N.E.3d 536.

{¶ 24} Taylor's second assignment of error is overruled.

**CONCLUSION**

{¶ 25} The trial court properly made the necessary findings in order to impose consecutive sentences, and the record supports those findings. Accordingly, we affirm the sentences imposed by the trial court. We also overrule Taylor's arguments contending that the Reagan Tokes Law is unconstitutional on the authority of *Delvallie*.

{¶ 26} Judgments affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, P.J., and
MARY J. BOYLE, J., CONCUR

N.B. Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 356 (8th Dist.). (Laster Mays, J., concurring in part and dissenting in part).