[Cite as *State v. Pavlina*, 2013-Ohio-3620.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99207

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL J. PAVLINA

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART; REVERSED IN PART
## AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-567544

**BEFORE:**    Jones, P.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:**    August 22, 2013

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Oio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Diane Russell
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant, Michael Pavlina, appeals from the trial court's sentencing judgment, wherein it sentenced Pavlina to a maximum 12-month prison term in this case, to be served consecutively to a 12-month prison term in another case, Cuyahoga C.P. Case No. CR-551609. We affirm in part and reverse in part, and remand.

**{¶2}** In October 2012, Pavlina was indicted by way of information on a single charge of drug possession, a felony of the fifth degree; he pleaded guilty to the charge. The charge in this case resulted in a violation of the terms of his community control sanctions in CR-551609. The trial court sentenced him on the two cases at the same hearing. The court sentenced him to the maximum term of 12 months on this case, and ordered that it be served consecutively to the other case. Pavlina now raises two assignments of error for our review:

> I. The trial court committed plain error when it failed to make statutorily necessitated findings before imposing consecutive sentences.
>
> II. The trial court abused its discretion in imposing maximum, consecutive sentences.

**{¶3}** In his first assignment of error, Pavlina contends that the trial court erred in sentencing him to consecutive terms without making the statutorily mandated findings.

**{¶4}** R.C. 2953.08(G)(2) provides two bases for a reviewing court to overturn the imposition of consecutive sentences: the sentence is "otherwise contrary to law" or the

reviewing court clearly and convincingly finds that "the record does not support the sentencing court's findings" under R.C. 2929.14(C)(4).

{¶5} Under R.C. 2929.14(C)(4), consecutive sentences can be imposed if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶6} In sentencing Pavlina, the trial court discussed his prior criminal record, which dated back to juvenile adjudications in 1988. Pavlina also had numerous adult convictions, starting in 1989, which included aggravated burglary and domestic violence. Pavlina was placed on community control sanctions for some of his convictions, and violated the terms of those sanctions in most instances. For example, in CR-551609, Pavlina was placed on community control so that he could get treatment; Pavlina admitted

that he lied to his probation officer, telling the officer that he was getting treatment, when he was not.

{¶7} Based on Pavlina's prior criminal history, the court stated: "Clearly, you have not benefitted from * * * incarceration, nor have you benefitted from * * * community control. You have violated almost every time."

{¶8} The court made the following findings:

The Court finds * * * that this offense was committed while the defendant was on a term of community control. The Court finds that the defendant's criminal history as outlined on the record * * * shows that consecutive terms * * * are necessary to protect the public based upon this defendant's extensive history and failure to comply with any conditions of probation.

* * *

Based on the findings necessary under House Bill 86, taking into consideration this defendant's history, the fact he was on probation to this Court when the offense was committed, the fact that he blatantly lied to his [probation officer] about receiving treatment, which was the sole goal that this Court wanted for him, the fact that he has been a constant problem to the Strongsville Police Department with regard to being drunk and disorderly as outlined in the arrest reports in the probation report, the Court finds consecutive sentences are necessary.

{¶9} The trial court's judgment entry of conviction and sentence states:

The court considered all required factors of law. The court finds that prison is consistent with the purpose of R.C. 2929.11.

* * *

The court finds that this defendant has an extensive criminal history, has not benefitted from prior incarcerations or community control sanctions, committed the instant offense while on community control to this court, and intentionally mislead his probation officer about attending drug treatment (which was the sole purpose of his community control sanctions).

The court is of the position that a single sentence would demean the seriousness of the defendant's criminal behavior and that consecutive sentences are necessary to fulfill the purposes of felony sentencing.

{¶10} The court here made all but one — regarding disproportionality — of the required findings under R.C. 2929.14(C) in sentencing Pavlina to serve the sentence in this case consecutive to the sentence in CR-551609. We realize that the trial court is not required to use "magic" words in imposing consecutive sentences. *State v. Gus*, 8th Dist. Cuyahoga No. 85591, 2005-Ohio-6717, ¶ 30. But the trial court has to engage in the appropriate analysis. *State v. Murrin*, 8th Dist. Cuyahoga No. 83714, 2004-Ohio-3962, ¶ 12.

{¶11} On the record before us, the trial court did not engage in the appropriate analysis to support a finding that consecutive sentences are not disproportionate to the seriousness of Pavlina's conduct and to the danger he poses to the public.

{¶12} In light of the above, the first assignment is sustained and the case is remanded to the trial court to consider whether consecutive sentences are appropriate, and if so, to enter the proper findings on the record. *See State v. Dodson*, 8th Dist. Cuyahoga No. 98521, 2013-Ohio-1344, ¶ 11, citing *State v. Walker*, 8th Dist. Cuyahoga No. 97648, 2012-Ohio-4274, ¶ 87.

{¶13} For his second assigned error, Pavlina contends that the trial court erred in sentencing him to the maximum 12 months for his fifth-degree felony.

{¶14} A sentencing court must consider the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v.*

*Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶15} Although a sentencing judge was formerly required to engage in detailed judicial fact-finding in order to justify imposing maximum sentences, this is no longer the case. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. Rather, the decision to impose the maximum sentence is simply part of the trial court's overall discretion in issuing a felony sentence.

{¶16} Pavlina contends that his prior criminal record, which the trial court relied on in sentencing him, did not "speak to either [R.C.] 2929.11 or 2929.12 — except as to whether [he] should or should not have been granted community control sanctions" and, therefore, the trial court erred in imposing the maximum sentence. We disagree.

{¶17} The trial court considered "all required factors of the law" and found that "prison is consistent with the purpose of R.C. 2929.11." R.C. 2929.11 governs the purposes of felony sentencing, which are to

> protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A).

> To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

*Id.*

{¶18} The trial court explained that the sentence it imposed on Pavlina was based

on the need to protect the public from future crime by Pavlina, and to punish him. Thus, the trial court's findings were relative to R.C. 2929.11.

{¶19} R.C. 2929.12 governs seriousness and recidivism factors. Pavlina contends that none of the factors indicating that his crime was more serious applied. But the trial court did not have to find that any applied; rather, it had to consider them, which we find it did. Further, even if none of the factors indicating the offense was more serious were present, factors indicating that Pavlina was likely to commit future crimes were.

{¶20} In light of the above, the 12-month maximum sentence was proper. The second assignment of error is, therefore, overruled.

{¶21} The trial court's judgment is affirmed as it relates to the 12-month sentence, but reversed as it relates to making it consecutive to the sentence in CR-551609; case remanded.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

MARY EILEEN KILBANE, J., CONCURS;

EILEEN T. GALLAGHER, J., DISSENTS
WITH SEPARATE OPINION


EILEEN T. GALLAGHER, J., DISSENTING:

{¶22} I agree with the majority opinion insofar as it affirms Pavlina's 12-month sentence for his fifth-degree felony. However, I respectfully dissent from its decision to reverse Pavlina's consecutive sentence.

{¶23} The majority determined the trial court failed to make a finding that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public" as required by R.C. 2929.14(C)(4). Although the court does not use the exact language of the statute, I would find that the trial court made the requisite finding on the issue of proportionality.

{¶24} There is no provision in R.C. 2929.14(C)(4) that requires the trial court "use talismanic words to comply with the guidelines and factors for sentencing" as long as it is clear from the record that the trial court actually made the required statutory findings. *State v. Brown*, 8th Dist. Cuyahoga No. 99024, 2013-Ohio-3134, ¶ 71. The statutory language in R.C. 2929.14(C)(4) "does not have magical powers." *State v. Kuykendall*, 12th Dist. Clermont No. CA2004-12-111, 2005-Ohio-6872, ¶ 24. Rather, the requirements of R.C. 2929.14(C) are designed to ensure the trial court engaged in the required analysis. *Id.*

{¶25} In this case, the trial court held a lengthy hearing and made many thoughtful findings on the record. It discussed Pavlina's lengthy criminal record that included

numerous offenses over the course of twenty-plus years. The court further found that despite having numerous chances, Pavlina failed to respond favorably to community control sanctions. Indeed, the court found Pavlina to be a probation violator as a result of his drug conviction in this case. The court also found that although it previously gave Pavlina the opportunity to receive substance-abuse treatment, he failed to follow through and lied to his probation officer about complying with treatment. These facts demonstrate that Pavlina is not a first offender or even someone with just a few prior drug convictions trying to recover from addiction. Pavlina's conduct is more serious than other offenders convicted of one count of drug possession because he has demonstrated not only an inability to respond positively to rehabilitation but a complete disregard for the law and the rehabilitative services provided to him. Although the trial court did not use the exact words: "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," I would find that the trial court made those findings on the record.

{¶26} Therefore, I would affirm the trial court's judgment.