[Cite as *State v. Wimbley*, 2018-Ohio-1749.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 106171**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**BRIAN WIMBLEY**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-615802-A

**BEFORE:**   McCormack, P.J., Celebrezze, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   May 3, 2018

**ATTORNEY FOR APPELLANT**

Rachel A. Kopec
1360 E. 9th Street, Ste. 910
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: Scott C. Zarzycki
Brian Lynch
Assistant County Prosecutors
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113


TIM McCORMACK, P.J.:

{¶1}   Defendant-appellant Brian Wimbley ("Wimbley") appeals the imposition of consecutive sentences following his convictions for participating in a criminal gang, robbery, receiving stolen property, having a weapon while under disability, aggravated robbery, and attempted robbery.   For the reasons that follow, we affirm Wimbley's sentence.

**Procedural and Substantive History**

{¶2}   The charges in this case stem from a significant amount of criminal activity that took place throughout the greater Cleveland area over the course of several months, including robbing a Sonic restaurant and robbing individuals at gunpoint.

{¶3}   On April 29, 2016, a complaint was filed in juvenile court alleging that Wimbley had committed one count of participating in a criminal gang in violation of R.C. 2923.41, three

counts of aggravated robbery in violation of R.C. 2911.01(A)(1), seven counts of robbery in violation of R.C. 2911.02, five counts of kidnapping in violation of R.C. 2905.01(A)(2), one count of receiving stolen property in violation of R.C. 2913.51(A), one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), and one count of having weapons while under disability in violation of R.C. 2923.13(A)(2). The aggravated robbery, robbery, and kidnapping counts each carried one- and three-year firearm specifications and criminal gang activity specifications.

{¶4} Wimbley was subsequently bound over and ultimately indicted on the above charges.

{¶5} On June 28, 2017, Wimbley pleaded guilty to one count of participating in a criminal gang, one count of robbery, one count of receiving stolen property, one count of having weapons while under disability, one count of aggravated robbery with a three-year firearm specification, and one count of attempted robbery. The remaining counts and specifications were dismissed as part of a plea agreement.

{¶6} On July 26, 2017, the trial court sentenced Wimbley to five years in prison for participating in a criminal gang, seven years for robbery, 12 months for receiving stolen property, 24 months for having weapons while under disability, nine years in prison for aggravated robbery, and 36 months for attempted robbery. The three-year firearm specification was to be served prior to and consecutive to the other counts. The trial court ordered that the five years for participating in a criminal gang be served prior to and consecutive to the other counts, all of which were to be served concurrently, for a total sentence of 17 years.

{¶7} Wimbley appealed his sentence, bringing one assignment of error for our review.

**Law and Analysis**

{¶8}    In Wimbley's sole assignment of error, he argues that the trial court erred in ordering consecutive sentences.  According to Wimbley, the trial court failed to make the necessary findings required to impose consecutive sentences under R.C. 2929.14(C)(4). Further, he argues that the record does not clearly and convincingly support consecutive sentences.

{¶9}    Pursuant to R.C. 2953.08, a reviewing court may vacate or modify a felony sentence if it finds by clear and convincing evidence that the record does not support any relevant statutory findings or the sentence is contrary to law.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23.

{¶10} R.C. 2929.14(C)(4) requires a sentencing court to make certain findings before imposing consecutive sentences.  First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender.   R.C. 2929.14(C)(4).   The court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.  *Id.*   Finally, the court must find any one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). A trial court is required to make the findings described above at the sentencing hearing and incorporate its findings into its sentencing journal entry. *State v. Hendricks*, 8th Dist. Cuyahoga No. 101864, 2015-Ohio-2268, ¶ 12, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 1.

{¶11} While the trial court must make the requisite findings at sentencing, Ohio courts have consistently held that courts are not required to engage in a recitation of "magic words" in order to validly impose consecutive sentences. *State v. Gus*, 8th Dist. Cuyahoga No. 85591, 2005-Ohio-6717, ¶ 30, citing *State v. White*, 135 Ohio App.3d 481, 486, 734 N.E.2d 848 (8th Dist.1999), and *State v. Moore*, 8th Dist. Cuyahoga No. 84911, 2005-Ohio-4164, ¶ 7. Therefore, when it is clear from the record that the trial court engaged in the "appropriate analysis," a reviewing court can conclude that the sentence complied with R.C. 2929.14(C)(4). *State v. Pavlina*, 8th Dist. Cuyahoga No. 99207, 2013-Ohio-3620, ¶ 10, citing *State v. Murrin*, 8th Dist. Cuyahoga No. 83714, 2004-Ohio-3962, ¶ 12.

{¶12} After reviewing the record in this case, we conclude that the trial court made the requisite findings under R.C. 2929.14(C)(4) and those findings were supported by the record.

{¶13} At sentencing, the trial court stated "I am imposing consecutive prison terms because I find that consecutive sentences are necessary to protect the public from future crime." The court further stated "consecutive sentences are necessary to appropriately punish you." Both statements satisfy the first requirement of R.C. 2929.14(C)(4). The court went on to state that "consecutive sentences are not disproportionate to the seriousness, Mr. Wimbley, of your

conduct, and to the danger you pose to the public," thus satisfying the second requirement of R.C. 2929.14(C)(4).

{¶14} Finally, the trial court stated that at least two of the offenses were committed as part of one or more courses of conduct, and that the harm caused by two or more of the offenses was so great or unusual that no single prison term could adequately reflect the seriousness of Wimbley's conduct. These statements show that the trial court made the necessary findings under R.C. 2929.14(C)(4)(b). Therefore, the trial court made the required findings under R.C. 2929.14(C)(4) to support consecutive sentences.

{¶15} After a thorough review of the record, we are also not persuaded by Wimbley's argument that the record does not clearly and convincingly support consecutive sentences. The record shows that the defendant was engaged in a violent, terrorizing crime spree, repeatedly committing violent crimes against victims throughout the Cleveland area.

{¶16} For these reasons, Wimbley's sentence is affirmed.

{¶17} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

_____
TIM McCORMACK, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR