[Cite as *State v. Lakes*, 2022-Ohio-703.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                          :

    Plaintiff-Appellee,                         :

                                     No. 109500

    v.                                                    :

ABDUL LAKES,                                           :

    Defendant-Appellant.                        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-641421-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Yasmine M. Hasan, Assistant Prosecuting Attorney, *for appellee.*

Erin R. Flanagan, Esq., Ltd., and Erin R. Flanagan, *for appellant.*

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Abdul Lakes ("Lakes"), appeals his sentence and claims the following two errors:

1. The trial court erred by sentencing appellant Lakes to prison without considering the statutory factors contained in R.C. 2929.11 and/or 2929.12.

2. Appellant Lakes's sentence is contrary to law because he was sentenced pursuant to the Reagan Tokes Law (S.B. 201), which is unconstitutional.

{¶ 2} After reviewing the record and the applicable law, we affirm the trial court's judgment.

## I. Facts and Procedural History

{¶ 3} On or about May 26, 2019, a group of people were gathered on the porch of a vacant home when Lakes, and his friend, Jordan Swatterwhite ("Swatterwhite"), arrived. Swatterwhite introduced Lakes to the victim, Nijil Bulger ("Bulger"), whom Lakes had never met. Shortly after the initial greetings, Bulger asked to see a gun that was clearly visible in Lakes's waistband, but Lakes refused. Bulger repeated the request and approached Lakes. Apparently in anticipation of what Lakes believed Bulger was going to do, Lakes drew the firearm from his waistband and shot Bulger, who died from the injuries caused by the gunshot.

{¶ 4} Lakes was subsequently charged with one count of aggravated murder in violation of R.C. 2903.01(A), one count of murder in violation of R.C. 2903.02(B), one count of felonious assault in violation of R.C. 2903.11(A)(1), and one count of discharging a firearm on or near a prohibited premises. All the charges included one– and three–year firearm specifications.

{¶ 5} Pursuant to a plea agreement, Lakes pleaded guilty to one count of voluntary manslaughter, a first-degree felony. The amended count included a three-

year firearm specification, and the remaining counts were nolled. At sentencing, the court imposed a six-to-nine-year prison term on the voluntary manslaughter conviction, plus three years on the firearm specification, for an aggregate 9-to-12-year prison term. The court advised Lakes that he would be subject to a mandatory five-year period of postrelease control, granted him credit for time served, and waived fines and assigned attorney fees. Lakes now appeals his sentence.

## II. Law and Analysis

### A. Purposes and Principles of Felony Sentencing

{¶ 6} In the first assignment of error, Lakes argues the trial court erred in sentencing him without considering the purposes and principles of felony sentencing set forth in R.C. 2929.11 and 2929.12.

{¶ 7} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). Under R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

{¶ 8} A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No.

102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

{¶ 9} R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve two overriding purposes of felony sentencing (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Furthermore, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

{¶ 10} R.C. 2929.12 delineates the seriousness and recidivism factors the sentencing court must consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses. As relevant here, R.C. 2929.12 provides that the court should consider (1) the severity of the victim's injury, and (2) whether "[t]he offender previously was adjudicated a delinquent child * * * pursuant to Chapter 2152 of the Revised Code, or the offender has a history of criminal convictions." R.C. 2929.12(B)(2) and (D)(2).

**{¶ 11}** R.C. 2929.11 and 2929.12 are not fact-finding statutes. Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the court is not required to make findings or give reasons for imposing more than the minimum sentence. *State v. Pavlina*, 8th Dist. Cuyahoga No. 99207, 2013-Ohio-3620, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. "Consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *State v. Seith*, 8th Dist. Cuyahoga No. 104510, 2016-Ohio-8302, ¶ 12. "This court has consistently recognized that a trial court's statement in the journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 27.

**{¶ 12}** The trial court sentenced Lakes to an indefinite sentence of six to nine years, plus three years on the gun specification, for an aggregate 9 to 12 year prison term. Voluntary manslaughter is a first-degree felony. R.C. 2903.03(C). The six-to-nine-year indefinite sentence on the base charge of voluntary manslaughter is within the statutorily prescribed sentencing range for first-degree felonies. R.C. 2929.14(A)(1)(a).

**{¶ 13}** In imposing the sentence, the trial court observed that Lakes's actions not only killed the victim, but also caused suffering to the victim's family and his own family. (Tr. 26.) The court noted that Lakes, who was only 19 years old, had an extensive record of juvenile delinquency adjudications, including assault and having

a weapon while under disability. (Tr. 24.) The court emphasized the fact that Lakes should not have had a gun in his possession due to his prior adjudications. Based on these factors, the court explained:

> I don't think the circumstances warrant a maximum term, but based upon your juvenile record and your continued fascination with guns, it does not seem appropriate to given [sic] you the minimum.

(Tr. 26.) Moreover, the trial court noted in the sentencing entry that it "considered all required factors of the law" and that "the court finds that prison is consistent with the purpose of R.C. 2929.11." Thus, the trial court's statements in open court and in its sentencing entry clearly and convincingly demonstrate that it considered the principles of sentencing outlined in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶ 14} The first assignment of error is overruled.

## B. Reagan Tokes

{¶ 15} In the second assignment of error, Lakes argues his sentence is contrary to law because it was imposed pursuant to the Reagan Tokes Law, which is unconstitutional.

{¶ 16} Lakes's arguments are overruled pursuant to this court's en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled the challenges Lakes raises in this appeal to the Reagan Tokes Law. Therefore, the second assignment of error is overruled.

{¶ 17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

EILEEN A. GALLAGHER, P.J., and
EMANUELLA D. GROVES, J., CONCUR

N.B. Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.