[Cite as *State v. Garcia*, 2022-Ohio-707.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT**
**COUNTY OF CUYAHOGA**

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109946 |
| v. | : | |
| MARISLEYSIS GARCIA, | : | |
| Defendant-Appellant. | : | |

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 10, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-645880-A

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and James S. Gallagher, Assistant Prosecuting
Attorney, *for appellee.*

Allison S. Breneman, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Marisleysis Garcia ("Garcia") appeals her sentence and asks this court to reverse her sentence and remand to the trial court for resentencing. We affirm the trial court's judgment.

{¶ 2} Garcia pleaded guilty to voluntary manslaughter, a first-degree felony, in violation of R.C. 2903.03(A), with one- and three-year firearm specifications.  The trial court sentenced Garcia to 11 years in prison plus three years for the firearm specification, to be served consecutively, for a total of 14 years in prison, at a minimum.  At a maximum, the trial court sentenced Garcia to 19.5 years consistent with the Reagan Tokes Act ("Reagan Tokes").

## I.    Facts and Procedural History

{¶ 3}   On November 8, 2019, Garcia shot Darius Boone ("Boone"), and he later died from his injuries.  Garcia ran from the scene, but turned herself into the police three days later.  Garcia was originally charged with murder, felonious assault, and voluntary manslaughter.  After a plea deal with the state, Garcia pleaded guilty to voluntary manslaughter, Count 3.

{¶ 4}   After pleading guilty, the trial court sentenced Garcia and stated:

> The Court has considered all this information.  I've read all the letters.
> I've considered all the principles and purposes of felony sentencing
> and all the appropriate recidivism and seriousness factors. * * *
> Considering this information and considering all the factors in law,
> voluntary manslaughter is appropriate based on these facts. * * * The
> facts in this case point towards there's no self-defense.  That's not an
> issue.

(Tr. 74, 77-78.)

{¶ 5}   The trial court went on to state its reasons for sentencing Garcia to 14 to 19.5 years in prison.  It stated,

> The amount of the consequences, though, definitely point to a more
> severe sentence in this case based on how you acted afterwards and
> what I've heard and the facts, and the fact that you accepted

responsibility in this matter, so I'm going to fashion a sentence based on this. It's going to be an indefinite sentence as I described earlier.

(Tr. 78.)

{¶ 6} As a result of the sentence, Garcia filed this appeal and assigned two errors for our review:

I.     The trial court abused its discretion by imposing a prison sentence contrary to R.C. 2929.14 and the purposes and principles of the felony sentencing guidelines;[1] and

II.    The trial court violated defendant's constitutional right and exceeded its authority by imposing a Regan-Tokes sentence, under S.B. 201.

## II.    Sentencing

### A.    Standard of Review

{¶ 7} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings or the sentence is otherwise "contrary to law."

{¶ 8} A sentence is not contrary to law if the trial court considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and

---

[1] The appellant assigned an error that the trial court abused its discretion under R.C. 2929.14, but argued in the body of the brief that the trial court abused its discretion under R.C. 2929.11 and 2929.12.

imposed a sentence within the applicable statutory range. *State v. Lenard*, 8th Dist. Cuyahoga No. 105998, 2018-Ohio-3365, ¶ 79, citing *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10.

**B.    Law and Analysis**

{¶ 9}   In Garcia's first assignment of error, she argues that the trial court failed to consider the purposes and principles of felony sentencing. Garcia contends that she feared for her life when she shot Boone. She also contends that she could have proceeded to trial and been acquitted due to acting in self-defense. The record reveals that the trial court imposed a sentence within the applicable statutory range. Garcia was found guilty of a first-degree felony, for which the applicable prison term is from 3 to 11 years. The trial court stated: "The amount of consequences, though, definitely point to a more severe sentence in this case based on how you acted afterwards and what I've heard and the facts, and the fact that you accepted responsibility in this matter, so I'm going to fashion a sentence based on this." (Tr. 78.)

{¶ 10} The trial court stated that it considered all the principles and purposes of felony sentencing and all the appropriate recidivism and seriousness factors. (Tr. 74.) Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the court is not required to make findings or give reasons for its sentence. *State v. Pavlina*, 8th Dist. Cuyahoga No. 99207, 2013-Ohio-3620, ¶ 15, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. "A trial

court's general statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.* at ¶ 10, citing *State v. Wright*, 8th Dist. Cuyahoga No. 95096, 2011-Ohio-733, ¶ 4.

{¶ 11} Further, "[t]his court has held that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12." *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 37, citing *State v. Gonzalez*, 8th Dist. Cuyahoga No. 102579, 2015-Ohio-4765, ¶ 6. And because courts have full discretion to impose sentences within the statutory range, a sentence imposed within the statutory range is "presumptively valid" if the court considered the applicable sentencing factors. *Id.*, citing *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶ 12} Therefore, Garcia's first assignment of error is overruled.

### III. The Constitutionality of the Reagan Tokes Act

#### A. Standard of Review

{¶ 13} "The interpretation of the constitutionality of a statute presents a question of law." *In re Special Docket No. 73958*, 8th Dist. Cuyahoga Nos. 87777 and 87816, 2008-Ohio-4444, ¶ 11, citing *Andreyko v. Cincinnati*, 153 Ohio App.3d 108, 2003-Ohio-2759, 791 N.E.2d 1025 (1st Dist.). "'Questions of law are reviewed de novo, independently and without deference to the trial court's decision.'" *Id.*, quoting *Andreyko* at ¶ 11.

**{¶ 14}** Additionally,

"[a] regularly enacted statute of Ohio is presumed to be constitutional and is therefore entitled to the benefit of every presumption in favor of its constitutionality" and "before a court may declare it unconstitutional it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible."

*Id.* at ¶ 12, quoting *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus.

**{¶ 15}** "Moreover, the presumption of validity cannot be overcome unless it appears that there is a clear conflict between the legislation in question and some particular provision or provisions of the Constitution." *Id.* at ¶ 13, citing *Xenia v. Schmidt*, 101 Ohio St. 437, 130 N.E. 24 (1920), paragraph two of the syllabus; *Dickman.*

### B.    Law and Analysis

**{¶ 16}** Garcia argues that the Reagan Tokes Act is unconstitutional. "On March 22, 2019, the Ohio legislature enacted the Reagan Tokes Act, which changed the terms of felony sentencing for qualifying felonies of the first or second degree. *See* R.C. 2929.14." *State v. Young*, 8th Dist. Cuyahoga No. 108868, 2020-Ohio-4135, ¶ 16. Garcia did not raise the issue of the constitutionality of the Reagan Tokes Act in the trial court. "In general, the failure to raise an issue in the trial court, forfeits the issue on appeal." *Id.* at ¶ 10, citing *Broadview Hts. v. Misencik*, 8th Dist. Cuyahoga No. 100196, 2014-Ohio-1518, ¶ 19.

**{¶ 17}** "It is well established that "'the question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal

prosecution, this means in the trial court.'"'" *State v. Alexander*, 12th Dist. Butler No. CA2019-12-204, 2020-Ohio-3838, ¶ 8, quoting *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986).

{¶ 18} By not first raising the issue with the trial court, Garcia's arguments challenging the constitutionality of the Reagan Tokes Act are forfeited and will not be heard for the first time on appeal. *State v. Ponyard*, 8th Dist. Cuyahoga No. 101266, 2015-Ohio-311, ¶ 7. *See also State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 2. ("The failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it.").

{¶ 19} Furthermore,

"[w]e may review the trial court decision for plain error, but we require a showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." (Citation omitted.) *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. "The burden of demonstrating plain error is on the party asserting it." *Id.*

*State v. Conant*, 4th Dist. Adams No. 20CA1108, 2020-Ohio-4319, ¶ 39.

{¶ 20} In addition to failing to raise a constitutional challenge of the Reagan Tokes Act in the trial court, Garcia also has not argued plain error in this appeal. Consequently, we decline to address this issue for the first time on appeal. *See Young*, 8th Dist. Cuyahoga No. 108868, 2020-Ohio-4135, at ¶ 21. *See also State v.*

*Dames*, 8th Dist. Cuyahoga No. 109090, 2020-Ohio-4991, ¶ 19 ("Given the lack of presentment to the trial court and the absence of plain error arguments, we decline to address the constitutionality of the Reagan Tokes Act as to this case.").

**{¶ 21}** Therefore, Garcia's second assignment of error is overruled.

**{¶ 22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR