[Cite as *State v. Vance*, 2025-Ohio-2599.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                  :

    Plaintiff-Appellee,                    :

                                 No. 114717

    v.                                               :

YASIN VANCE,                                     :

    Defendant-Appellant.               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** July 24, 2025

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-23-687814-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristen Hatcher, Assistant Prosecuting Attorney, *for appellee.*

Russell S. Bensing, *for appellant.*

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Yasin Vance ("Vance") appeals his convictions. Plaintiff-appellee State of Ohio concedes reversible error occurred pursuant to

Loc.App.R. 16(B).[1]  Following a thorough review of the record and law, this court reverses Vance's convictions and sentence, and remands this matter to the trial court for further proceedings consistent with this opinion.

## I.    Facts and Procedural History

{¶2} On December 22, 2023, Vance was charged with one count of vandalism, a fourth-degree felony, in violation of R.C. 2909.05(B)(2); and one count of aggravated theft, a fourth-degree felony, in violation of R.C. 2913.02(A)(2).  Both counts contained specifications as to the value of the property involved.  After a jury trial, Vance was found guilty of both counts, but the jury did not fill out a further finding on the verdict forms as to either count as to the value of the property at issue.  Journal Entry No. 188072932 (Oct. 30, 2024).

{¶3} The trial court sentenced Vance on both counts, as fourth-degree felonies, to "5 year(s) of community control/probation on each count, under supervision of the adult probation department."  Journal Entry No. 189572224 (Dec. 10, 2024).  Additionally, the trial court sentenced Vance to 200 hours of community work service and ordered Vance to maintain verifiable employment and write a letter of apology to his employer.

{¶4} Vance filed this appeal, assigning three errors for our review:

---

[1] Loc.App.R. 16(B) provides: "Notice of Conceded Error.  When a party concedes an error that is dispositive of the entire appeal, the party conceding the error shall file a separate notice of conceded error in lieu of a responsive brief.  Once briefing is completed, the appeal will be randomly assigned to a merit panel for review.  The appeal will be submitted on the briefs unless the assigned panel sets an oral argument date."

1. The trial court erred in entering convictions of fourth-degree felonies on the charges of aggravated theft and vandalism;

2. The trial court erred by failing to merge the offenses of vandalism and theft; and

3. The trial court abused its discretion and committed plain error in ordering defendant to write a letter of apology to the complainant.

{¶5} The State concedes Vance's first and second assignments of error, and with the disposition of the first two assignments of error, the third assignment of error is moot. App.R. 12(A)(1)(c). "In a conceded error case, where a party concedes the presence of a dispositive reversible error, this court conducts its own examination of the record to determine whether the concession accurately reflects settled law." *State v. Luna*, 2024-Ohio-5706, ¶ 4 (8th Dist.), citing *State v. Green*, 2024-Ohio-2174, ¶ 1 (8th Dist.); *State v. Forbes*, 2022-Ohio-2871, ¶ 2 (8th Dist.); *Cleveland v. Patterson*, 2020-Ohio-1628, ¶ 6 (8th Dist.); and Loc.App.R. 16(B).

## II. Standard of Review

{¶6} An appellate court reviews questions of law de novo. *State v. Garcia*, 2022-Ohio-707, ¶ 13 (8th Dist.).

## III. Law and Analysis

{¶7} In Vance's first assignment of error, he argues that the trial court erred in entering convictions of fourth-degree felonies on the charges of aggravated theft and vandalism. R.C. 2945.75(A)(2) states:

> When the presence of one or more additional elements makes an offense one of more serious degree: A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that

such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

{¶8} In Vance's case, the jury failed to make a further finding as to either count as to the value of the property at issue. The Ohio Supreme Court has held that "pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense." *State v. Pelfrey*, 2007-Ohio-256, ¶ 14.

{¶9} The jury found Vance guilty of theft, in violation of R.C. 2913.02(A)(2). R.C. 2913.02(B) states in part:

> [A] violation of this section is misdemeanor theft, a misdemeanor of the first degree. If the value of the property or services stolen is one thousand dollars or more and is less than seven thousand five hundred dollars or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree. If the value of the property or services stolen is seven thousand five hundred dollars or more and is less than one hundred fifty thousand dollars, or if the offender has been convicted of or pleaded guilty to a felony theft offense within the previous three years, a violation of this section is grand theft, a felony of the fourth degree.

{¶10} If the value of the property is not specified, a violation of theft is a first-degree misdemeanor. Because the jury did not make a finding of the value of property at issue, it was error for the trial court to find Vance guilty of a fourth-degree felony. Vance should have been found guilty of theft, a misdemeanor of the

first degree. Vance was also found guilty of vandalism, a violation of R.C. 2909.05(B)(2). R.C. 2909.05(E) states:

> Whoever violates this section is guilty of vandalism. Except as otherwise provided in this division, vandalism is a felony of the fifth degree that is punishable by a fine of up to two thousand five hundred dollars in addition to the penalties specified for a felony of the fifth degree in sections 2929.11 to 2929.18 of the Revised Code. If the value of the property or the amount of physical harm involved is seven thousand five hundred dollars or more but less than one hundred fifty thousand dollars, vandalism is a felony of the fourth degree. If the value of the property or the amount of physical harm involved is one hundred fifty thousand dollars or more, vandalism is a felony of the third degree.

{¶11} If the value of the property vandalized is not specified, a violation of vandalism is a fifth-degree felony. Similarly with Vance's theft charge, the jury did not make a finding of the value of the property at issue. Thus, the trial court erred and Vance should have been found guilty of a fifth-degree vandalism, and not a fourth-degree felony.

{¶12} In Vance's second assignment of error, he argues that the trial court erred by failing to merge the offenses of vandalism and theft. At sentencing, the State did not object to the merger of the offenses and elected to go forward with sentencing on the vandalism count. Tr. 435. However, in the journal entry and at the sentencing hearing, the trial court did not indicate on the record that it merged the offenses for the purposes of sentencing.

{¶13} Therefore, Vance's first and second assignments of errors are sustained.

{¶14} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, A.J., and
MICHAEL JOHN RYAN, J., CONCUR