ACCELERATED JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. Defendant Dennis DeVaughn sought to withdraw guilty pleas he entered on charges of trafficking, possession of crack cocaine, and criminal gang activity on grounds that he had been in jail on unrelated charges at the time the police made arrests on the indicted offenses. The court denied the motion without opinion. DeVaughn's primary arguments are that the court erred by denying his motion to withdraw the pleas, that it erred by accepting his guilty plea, and that he was denied the effective assistance of counsel.
 I {¶ 2} The court did not abuse its discretion by failing to conduct a hearing on the motion, as the motion itself did not contain sufficient grounds to merit that kind of consideration. State v. Blatnik (1984),17 Ohio App.3d 201, 204. Likewise, the court did not abuse its discretion by denying DeVaughn's post-sentence motion to withdraw his guilty pleas because DeVaughn failed to show a manifest injustice as required by Crim.R. 32.1. See State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus. At the heart of DeVaughn's argument is his contention that he had been jailed on other charges at the time the police executed a search warrant that lead to his indictment. Assuming for the sake of argument that this fact is true, it does nothing to create a manifest injustice. Possession can be actual or constructive, and is entirely possible that the drugs seized during the execution of the search warrant belonged to DeVaughn, regardless whether he was actually present at the premises during the search. DeVaughn pleaded guilty to criminal gang activity, so his association with a criminal gang may well have provided the facts leading to the possession and trafficking charges. Because DeVaughn's association may have led to his involvement, the court did not abuse its discretion by denying the motion without a hearing.
 II {¶ 3} DeVaughn did not establish the existence of a manifest injustice by way of ineffective assistance of counsel sufficient to merit the post-sentence withdrawal of his guilty plea. It is true that DeVaughn's attorney had his license to practice law suspended, but that suspension occurred after DeVaughn entered his guilty plea. Hence, at the time of the plea, DeVaughn's attorney was licensed and presumed competent. See Vaughn v. Maxwell (1965), 2 Ohio St.2d 299. And while it may also be true that DeVaughn's attorney counseled him to plead guilty, we cannot say that the advice was so erroneous as to constitute a violation of the attorney's essential duties to DeVaughn. As we explained earlier, DeVaughn's confinement in jail at the time the police executed the search warrant which led to his indictment does not, standing alone, warrant a finding that he could not have been guilty. Hence, DeVaughn's guilty pleas to reduced charges may well have been practical under the circumstances and, at the very least, would not support a finding that DeVaughn had been denied the effective assistance of counsel.
 III {¶ 4} Finally, our review of the plea proceedings convinces us that the court fully complied with all relevant aspects of Crim.R. 11 when taking DeVaughn's guilty plea. In particular, we find no error with the court's decision to take the pleas of DeVaughn and the two co-defendants at the same time. We are unaware of any authority that would prohibit group guilty pleas, and note that such pleas have been the practice in the court of common pleas. Nevertheless, a plea colloquy requires the court to address the accused individually. The transcript of the plea hearing shows that the court individually addressed DeVaughn as it sought to determine whether DeVaughn knowingly and voluntarily waived his right to trial. The record further shows full compliance in all respects with Crim.R. 11.
 {¶ 5} The judgment is affirmed.
Judgment affirmed.
Diane Karpinski, J., concurs.
Anne L. Kilbane, J., concurs in judgment only with separate concurring opinion.