[Cite as *State v. Hoffman*, 2023-Ohio-3977.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                                  :

    Plaintiff- Appellee,              :

                       No. 112465

    v.                                            :

CRAIG HOFFMAN,                            :

    Defendant-Appellant.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 2, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-22-670835-A and CR-22-674612-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Assistant Prosecuting Attorney, *for appellee.*

Gina Villa, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Craig Hoffman appeals his convictions in two felony cases. The trial court properly accepted Hoffman's pleas and thereafter entered a valid nunc pro tunc order to reflect his pleas. The entry of a nunc pro tunc

order did not violate Hoffman's statutory speedy-trial rights. The trial court did not err in imposing consecutive sentences, nor did Hoffman suffer ineffective assistance of counsel or a deprivation of his right to due process. As such, we affirm the judgment of the trial court.

PROCEDURAL HISTORY AND RELEVANT FACTS

*Summary of the Plea Agreement and Sentencing*

{¶ 2} In 2022, Hoffman was indicted in two separate felony cases. In Cuyahoga C.P. No. 670835, Hoffman was indicted for seven offenses. He eventually pled guilty to an amended indictment that consisted of one count of attempted tampering with evidence in violation of R.C. 2923.02 and 2921.12(A)(1), a felony of the fourth degree, and two counts of drug possession in violation of R.C. 2925.11(A), both felonies of the fifth degree. In Cuyahoga C.P. No. 674612, Hoffman was indicted for two offenses and pled guilty to one count of attempted grand theft of a motor vehicle in violation of R.C. 2923.02 and 2913.02(A)(1), a felony of the fifth degree.

*The Change of Plea Hearing*

{¶ 3} On January 11, 2023, Hoffman entered pleas of guilty in both cases as part of a plea bargain. At the plea hearing, the trial conducted a group plea hearing where another defendant and Hoffman entered pleas at the same time. At the onset of the hearing, the assistant prosecuting attorney detailed the plea bargains the two defendants would be entering. As to Hoffman's cases, the assistant prosecutor stated that Hoffman was expected to plead guilty in Case No. 670835 to one count

of attempted tampering with evidence in violation of R.C. 2923.02 and 2921.12(A)(1), a felony of the fourth degree, and to two counts of drug possession in violation of R.C. 2925.11(A), felonies of the fifth degree that each contained forfeiture specification. The assistant prosecutor further moved the trial court to nolle the remaining charges. As to Case No. 674612, the assistant prosecutor moved to amend the charge to attempted grand theft and stated Hoffman agreed to pay restitution in the amount of $410.44 and to have no contact with the victim of the offense.

{¶ 4} Hoffman's attorney asserted that the assistant prosecutor outlined the plea bargain correctly and informed the trial court that Hoffman was aware of the constitutional rights that he was waiving by entering his pleas and that he would be entering those pleas knowingly, intelligently, and voluntarily.

{¶ 5} Before accepting Hoffman's pleas, the trial court addressed both defendants and explained that it would be asking them a series of questions, instructed them to answer verbally, and asked them to speak loudly and clearly because the trial court had a hearing problem. The trial court then informed the defendants that after it asked them questions, the other defendant would answer first and Hoffman would answer second.

{¶ 6} The trial court began to ask questions of the defendants and ascertained the defendants' ages, whether they were citizens of the United States, and whether either were under the influence of any medication or drugs. Hoffman responded in turn to the trial court's questions. As to the trial court's questions

regarding if either defendant was under arrest, indictment, on probation, parole, or any sanction by a court, after the other defendant explained his circumstances to the trial court, Hoffman informed the trial court that he was on probation in a Medina, Ohio court but he believed that probation had expired.

{¶ 7} The trial court asked if the defendants understood that they had the right to a trial by jury, the right to be represented by an attorney, the right to have their attorneys cross-examine witnesses who would testify against them, the right to subpoena witnesses, and the right to require the state to prove their guilt beyond a reasonable doubt and that they could not be forced to testify against themselves. Hoffman answered in turn that he understood the rights he was waiving and stated he understood he was admitting his guilt and that by entering guilty pleas the trial court could proceed to sentencing. Hoffman indicated that no promises, threats, or other inducements were made that caused him to enter his pleas.

{¶ 8} The trial court ascertained that each defendant understood that if sentenced to probation, a violation of the terms and conditions of that probation could result in a prison sentence and that, when released from prison, they could be placed on postrelease control. It further explained the penalties for violation of postrelease control. Again, Hoffman stated in the proper order that he understood the effects of the potential sentences, that he understood the proceedings, and that he was satisfied with the representation received from his attorney.

{¶ 9} After informing the defendants of the rights they would be giving up by entering a plea, the trial court went through each count to which the defendants

would be pleading and informed them of the maximum penalty they faced for each count. Hoffman indicated he understood the charges and the penalties he faced including the forfeiture of certain property and restitution to be paid. Hoffman then entered his guilty pleas to each count in the plea agreement and informed the trial court that he made those pleas voluntarily and of his own free will and desire.

{¶ 10} On January 11, 2023, the trial court entered a journal entry in Case No. 670835 reflecting Hoffman entered pleas of guilty to two counts of drug possession and that the remaining counts of the indictment were nolled and set the case for sentencing. On February 9, 2023, the trial court issued a nunc pro tunc entry to correct the January 11, 2023 entry. The nunc pro tunc entry reflected that Hoffman entered pleas of guilty to attempted tampering with evidence, two counts of drug possession, and that the remaining counts of the indictment were nolled.

*The Sentencing Hearing*

{¶ 11} On February 10, 2023, the trial court held a sentencing hearing in Hoffman's cases. At the beginning of the hearing, the trial court clarified the charges that Hoffman had pled guilty to in each case and then heard from the parties. Hoffman's attorney stated that Hoffman has been addicted to drugs and has taken responsibility for his conduct. Counsel acknowledged that Hoffman stole a moving van immediately after being released from custody, but asked the trial court to understand that such action is a consequence of the addiction Hoffman suffered. Hoffman informed the court that he was first addicted to cocaine and then later heroin. The trial court noted that Hoffman had received inpatient drug treatment

at three different places. When asked about his plans, Hoffman told the court that he had 11 months off of drugs due to his incarceration and his intent was to stay drug free, having set up a sober support network.

{¶ 12} The state informed the trial court of the facts of Hoffman's crimes; in the first case he had crashed a U-Haul truck and attempted to hide his drugs. After he was arrested on those charges, he left the police station and within an hour stole a running car from a gas station. The state informed the trial court that the victim requested restitution in the amount of $410.44 and asked that the trial court impose a prison sentence. The state further informed the trial court that Hoffman had an extensive criminal history.

{¶ 13} In Case No. 670835, the trial court imposed 12-month prison sentences on each count, ordering the sentences to be served concurrently, but consecutively to the sentence imposed in Case No. 674612. The trial court imposed a 12-month prison sentence in Case No. 674612 and ordered the sentence to be served consecutively to the aggregate 12-month prison sentence it imposed in Case No. 670835. In total, the trial court imposed a 24-month prison sentence.

{¶ 14} The trial court found that Hoffman had an extensive criminal record and had two other criminal cases outstanding. It found that the sentence of two years was not disproportionate to the harm Hoffman caused the public, that Hoffman committed one or more of the crimes while awaiting trial or sentencing or under a sanction, and that the sentence was not disproportionate to the seriousness of Hoffman's conduct or the danger he posed to the public.

LAW AND ARGUMENT

{¶ 15} Hoffman raises six assignments of error, which read:

1. The trial court erred in imposing consecutive sentences.

2. The trial court erred when Mr. Hoffman's group plea was not made knowingly.

3. Mr. Hoffman received ineffective assistance of counsel.

4. The trial court erred in filing a nunc pro tunc order.

5. Mr. Hoffman's speedy trial right was violated

6. The harmful errors in the proceedings below amount to a violation of Due Process rights

{¶ 16} For clarity, we address the assignments of error out of the order presented by Hoffman within his brief.

*Hoffman's Plea Was Knowingly Made*

{¶ 17} Within his second assignment of error, Hoffman argues that he did not knowingly enter his guilty pleas. Two defendants appeared before the trial court for the purposes of entering guilty pleas in their respective cases, a procedure referred to as a group plea. We have found that a trial court may conduct a group plea. *State v. DeVaughn*, 8th Dist. Cuyahoga No. 82843, 2004-Ohio-154, ¶ 4. Because group pleas are not prohibited, we review the record to determine whether the trial court complied with Crim.R. 11 and addressed Hoffman individually. *Id.*

{¶ 18} Hoffman contends that he did not make his plea knowingly because he was confused due to the manner in which the plea was taken and there was noise in the courtroom. Our review of the transcript indicates that the trial court complied

with Crim.R. 11(C), explained the rights which Hoffman was waiving by entering his pleas, explained the nature of the offenses to which he was pleading, and the maximum penalty that he faced by entering his pleas. Additionally, Hoffman followed the court's instructions and responded to each question asked of him in the proper order. When asked directly by the trial court, Hoffman stated he understood each constitutional right he waived by pleading guilty, stated he understood the nature of the charges brought against him, and stated he understood the maximum penalties for each of the charges to which he pled. Further, when asked by the trial court if he had any questions about the proceeding, Hoffman stated he did not.

{¶ 19} The record does not reflect that Hoffman was confused as to any aspect of the plea, that he was unaware of the nature of the crimes to which he pled guilty or the maximum penalties that he faced by pleading guilty, or that noise or other interruptions corrupted the proceedings. Accordingly, the record does not support Hoffman's contention that he was confused by the manner in which the trial court held the change-of-plea hearing or the environment in the courtroom.

{¶ 20} The second assignment of error is overruled.

*The Trial Court Did Not Err by Entering a Nunc Pro Tunc Journal Entry Correcting the Sentence Imposed.*

{¶ 21} In his fourth assignment of error, Hoffman argues that the trial court erred by entering a nunc pro tunc journal entry reflecting the entry of his guilty pleas in Case No. 670835 because "the nunc pro tunc order was not a simple mathematical calculation, or a typographical or clerical error. Rather, the order drastically

changed the nature of the plea, by adding a charge, and therefore [an] additional year on to Mr. Hoffman's prison time."

{¶ 22} Crim.R. 36 allows a court to correct "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission * * * at any time." A nunc pro tunc entry may be entered "to correct mistakes in judgments, orders, and other parts of the record so the record speaks the truth." *State v. Spears*, 8th Dist. Cuyahoga No. 94089, 2010-Ohio-2229, ¶ 10. The effect of a nunc pro tunc order is to memorialize what the court did at an earlier point in time. *Id.*, citing *State v. Greulich*, 61 Ohio App.3d 22, 24, 572 N.E.2d 132 (9th Dist.1988).

{¶ 23} Our review of the record reveals that at the change-of-plea hearing, Hoffman entered pleas of guilty to one count of attempted tampering with evidence and to two counts of drug possession in Case No. 670835. The trial court's nunc pro tunc entry made on February 9, 2023 reads:

> Nunc pro tunc entry as of and for 01/11/2023. ***** plea entry is corrected to reflect that defendant plead[ed] guilty to an amended Count 1. (Count 1 was not nolled as stated in original plea journal entry).

{¶ 24} The nunc pro tunc order was properly entered on the journal because the initial entry reflected that Hoffman entered pleas of guilt to only the two drug offenses, not the fact Hoffman entered a guilty plea to the crime of attempted tampering with evidence. Accordingly, the nunc pro tunc entry reflected what actually occurred in court and did not "add a charge" to the plea.

{¶ 25} The fourth assignment of error is overruled.

*Hoffman's Right to a Speedy Trial Was Not Violated*

{¶ 26} Within his fifth assignment of error, Hoffman argues that his statutory right to a speedy trial was violated. On September 20, 2022, in Case No. 670835, the docket reflects that the state and Hoffman agreed that absent any tolling events, Hoffman's speedy-trial time would expire on January 31, 2023. Hoffman entered a guilty plea on January 11, 2023. By entering guilty pleas, he waived his right to a speedy trial. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus ("A plea of guilty waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds pursuant to R.C. 2945.71(B)(2). (*Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E. 2d 581 [1986], applied and followed.")).

{¶ 27} Despite his waiver, Hoffman claims that his pleas of guilty did not occur on January 11, 2023, because the nunc pro tunc entry was journalized on February 9, 2023. In *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 19, the Ohio Supreme Court explained:

> "Nunc pro tunc" means "now for then" and is commonly defined as "Having retroactive legal effect through a court's inherent power." Black's Law Dictionary (9th Ed.2009) 1174. Therefore, a nunc pro tunc entry by its very nature applies retrospectively to the judgment it corrects. *See, e.g.*, [*State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924] at ¶ 14, 15; [*State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 656 N.E.2d 1288 (1995)] at 163-164.

{¶ 28} Hoffman cites to no statutory authority or precedent to support his contention that a nunc pro tunc journal entry does not relate back to the date of the corrected entry, and we find his argument without merit.

{¶ 29} The fifth assignment of error is overruled.

*The Trial Court Properly Imposed Consecutive Sentences*

{¶ 30} In his first assignment of error, Hoffman argues that the trial court did not make the findings necessary to order his prison sentences to be served consecutively. He also argues that the record does not support the imposition of consecutive sentences, arguing that his sentence is excessive because there was no physical or emotional harm done to anyone, he has no previous violent convictions, his crimes were not the worst offenses, and there are other offenders who commit more heinous crimes who have more extensive records.

{¶ 31} R.C. 2929.14(C)(4) provides that when imposing consecutive sentences, the trial court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that the sentences are not disproportionate to the seriousness of the conduct, and one of the following:

> a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 32} An offender may challenge consecutive sentences by arguing the trial court did not make the findings required by R.C. 2929.14(C)(4) or that the record does not support the findings made by the trial court. *State v. Clay,* 8th Dist. Cuyahoga No. 108500, 2020-Ohio-1499; *State v. Simmons*, 8th Dist. Cuyahoga No. 107144, 2019-Ohio-459. "Where the trial court made the requisite consecutive sentencing findings, R.C. 2953.08(G)(2) requires this court to affirm an order of consecutive service unless we 'clearly and convincingly' find that the record does not support the court's findings in support of consecutive sentences." *Simmons* at ¶ 11.

{¶ 33} The trial court did not recite the statute verbatim when making its findings; "[h]owever, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 29.

{¶ 34} Our review of the record indicates that in accord with R.C. 2929.14(C) the trial court made the necessary consecutive-sentence findings. The trial court found that the sentence of two years was not disproportionate to the seriousness of Hoffman's conduct or the danger he posed to the public, that Hoffman had an extensive criminal record with two other active criminal cases outstanding, and that

Hoffman committed one or more of the crimes while awaiting trial or sentencing or under a sanction.

{¶ 35} Having found the trial court made the requisite findings, our review of the record is limited to determine whether the record clearly and convincingly does not support the imposition of consecutive sentences. R.C. 2953.08(G). Hoffman argues that consecutive sentences were not warranted because he did not commit the worst form of the offenses of which he was convicted, there was no physical harm done in his commission of the several felonies he committed, and that his criminal history did not merit consecutive sentences. We note that these hypothetical circumstances would serve to support certain consecutive-sentence findings, but the presence of one or more of these specific circumstances is not necessary for the record to support a trial court's consecutive-sentence findings. In this case, Hoffman committed his offenses on separate dates, with the second offense committed within an hour after he left jail. Hoffman had an extensive criminal history and, at the time of the sentencing hearing, had other pending criminal matters. Under these circumstances, we are not convinced the record does not support the findings made by the trial court.

{¶ 36} The first assignment of error is overruled.

*Hoffman Did Not Receive Ineffective Assistance of Counsel*

{¶ 37} Within his third assignment of error, Hoffman alleges he had ineffective assistance of counsel because counsel was not diligent in his defense, alleging that counsel only met with him once. He also notes that counsel misstated

facts of the case at the sentencing hearing. Hoffman further alleges counsel was ineffective for failing to object to a continuance of trial by the trial court from December 7, 2022, to January 11, 2023, due to a family medical issue and by not objecting to the February 9, 2023 nunc pro tunc order.

{¶ 38} In order to show ineffective assistance of counsel, a defendant must demonstrate counsel's performance was both below an objective standard of reasonable representation and that he suffered prejudiced by counsel's deficient performance. *State v. McGee*, 8th Dist. Cuyahoga Nos. 110980 and 110981, 2022-Ohio-2045, ¶ 32, citing *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 205, citing S*trickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice can be established when a defendant shows "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *Id.*, quoting *Strickland* at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.* Where a defendant fails to prove either prong of the *Strickland* test, it is unnecessary for a court to consider the other prong. *State v. Madrigal*, 87 Ohio St.3d 378, 388-389, 721 N.E.2d 52 (2000), citing *Strickland* at 697.

{¶ 39} Hoffman alleges that counsel met with him only once in preparation for trial and misspoke at sentencing. Hoffman fails to cite to the record for the assertion he only met with counsel once. Hoffman also argues that his counsel was ineffective because he stated Hoffman stole a U-Haul truck and was not indicted for

that crime but acknowledges that he was arrested in a U-Haul truck and then later indicted for taking a Jeep.

{¶ 40} Even were we to find that this misstatement on counsel's part to be deficient performance, Hoffman has not shown that the outcome of the proceeding would be different had counsel accurately portrayed the identity of the vehicle Hoffman took upon being released from jail. As to Hoffman's claim that counsel failed to object to the delay in trial, he makes no argument as to how he was prejudiced by the delay where the trial was scheduled before the expiration of the initial speedy-trial calculation. Further, in resolving Hoffman's fourth assignment of error, we found no error in the nunc pro tunc entry.

{¶ 41} The third assignment of error is overruled.

*Hoffman's Right to Due Process Was Not Infringed*

{¶ 42} In his sixth assignment of error, Hoffman alleges that the combination of the first through fifth assignments of error, he suffered a deprivation of his constitutional right to due process. Because we found no merit to Hoffman's first through fifth assignments of error, Hoffman's sixth assignment of error is overruled. *See State v. Riffle*, 8th Dist. Cuyahoga No. 107352, 2019-Ohio-3271, ¶ 35.

CONCLUSION

{¶ 43} The record reflects that Hoffman entered his plea knowingly, having been fully apprised of the rights he was waiving and the penalties he faced by entering guilty pleas. The trial court properly entered a nunc pro tunc journal entry to reflect the charges that Hoffman pleaded guilty to and the nunc pro tunc entry,

relating back to the date he pleaded guilty, did not result in a violation of the speedy-trial time. Further, in imposing consecutive sentences, the trial court made the necessary findings and we cannot find that the record does not clearly and convincingly support the findings. Finally, Hoffman did not demonstrate that he received ineffective assistance of counsel or that he was deprived of his right to due process. As such, we affirm the judgment of the trial court.

{¶ 44} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR