[Cite as *State v. Diggs*, 2024-Ohio-3112.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

      Plaintiff- Appellee,         :

                                           No. 113509

      v.                            :

JERMAINE DIGGS,                         :

      Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 15, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-676339-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Mason P. McCarthy, Assistant Prosecuting Attorney, *for appellee.*

Mary Elaine Hall, *for appellant.*

MICHELLE J. SHEEHAN, P.J.:

{¶ 1} Defendant-appellant, Jermaine Diggs, appeals the trial court's imposition of consecutive sentences following his convictions for felony assault and

vandalism. Because the trial court made the appropriate findings when imposing consecutive sentences and we cannot find that the record does not clearly and convincingly support those findings, we affirm the judgment appealed.

{¶ 2} On November 29, 2022, Diggs was indicted for eight felonies: two counts of felonious assault, one count of abduction, one count of domestic violence, two counts of assault upon a peace officer, one count of obstructing official business, and one count of vandalism. On October 10, 2023, Diggs entered pleas to one count of aggravated assault, a felony of the fourth degree; one count of assault upon a peace officer, a felony of the fourth degree; and one count of vandalism, a felony of the fifth degree.

{¶ 3} The charges for which Diggs was convicted stem from his actions in November 2022. At that time, Maple Heights, Ohio police officers arrested Diggs for an assault on S.S. S.S. suffered multiple lacerations and required surgery to her eye after being attacked by Diggs with a broken liquor bottle. After his arrest and while in jail, Diggs flooded the toilet in his cell causing damage to property. He then fought with police officers who were attempting to subdue him.

{¶ 4} At the sentencing hearing, the trial court noted Diggs's extensive criminal history that included 13 prior cases for assault and domestic violence. It further noted that Diggs, when placed on probation, was a consistent probation violator. The trial court imposed an 18-month sentence on each assault charge, a 12-month sentence on the vandalism charge, and ordered the sentences to run

consecutively. In total, Diggs was sentenced to an aggregate prison sentence of four years.

{¶ 5} Diggs's sole assignment of error in his appeal reads:

The trial court below failed to include a finding under R.C. 2929.14(C)(4)(b) on the record that the defendant-appellant, Jermaine Diggs' plea to Count One/Aggravated Assault/F-4, Count 5/Assault on a Peace Officer/F-4 and Count 8/Vandalism/F -5 *were part of a least two multiple offenses . . . committed as one or more courses of conduct . . . required to impose consecutive sentences. . . .*

(Emphasis in original.)

{¶ 6} Within this assignment of error, Diggs asserts two separate arguments. First, he alleges the trial court did not make the findings mandated by R.C. 2929.14(C) when imposing consecutive sentences because it did not state the reasons underlying its findings. Second, he asserts the record does not support the trial court's decision to impose consecutive sentences. The State argues that the trial court made the statutory findings in order to impose consecutive sentences and that the record supports the imposition of consecutive sentences.

{¶ 7} A trial court may impose consecutive sentences if it makes the findings contained in R.C. 2929.14(C), which provides in relevant part:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the *consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,* and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) *The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.*

(Emphasis added.) When imposing consecutive sentences, the trial court is not required to recite the statutory language nor is it required to state the reasons that support its findings where such support may be found in the record. *State v. Percy*, 2024-Ohio-664, ¶ 10 (8th Dist.).

{¶ 8} In cases in which the trial court makes the appropriate findings to impose consecutive sentences, "our review of the record is limited to determine whether the record clearly and convincingly does not support the imposition of consecutive sentences." *State v. Hoffman*, 2023-Ohio-3977, ¶ 35 (8th Dist.), citing R.C. 2953.08(G); *State v. Gwynne*, 2023-Ohio-3851, ¶ 15 (plurality opinion) ("[A]n appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences."). The standard of proof of clear and convincing evidence "is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal

cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 9} At the sentencing hearing, the trial court made the following findings:

Court finds the sentences are necessary to protect the public from future crime and the Court finds that consecutive sentences are necessary to punish the offender.

Court further finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct, that consecutive sentences are not disproportionate to the danger the offender poses to the public, and finally, the Court does find the offender's history of criminal conduct demonstrates consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 10} We find that the trial court made the findings required by R.C. 2919.14(C)(4).

{¶ 11} The record in this case provides that Diggs was being sentenced for three felonies: one charge of aggravated assault, one charge of assault upon a peace officer, and one charge of vandalism. One victim suffered several lacerations and required surgery. Diggs had 13 prior cases for domestic violence or assault, with nine offenses having been committed against police officers. The trial court noted that when Diggs was placed on probation in the past, he violated probation. Further, while on probation for a prior assault against a police officer offense, Diggs violated probation 8 times. Based on this record, we cannot say the record clearly and convincingly does not support the imposition of consecutive sentences.

{¶ 12} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR