[Cite as *State v. Campbell*, **2024-Ohio-5099.**]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                   No. 113690

    v.                                   :

DEANGELO CAMPBELL,                      :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 24, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-682285-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Margaret Graham, Assistant Prosecuting Attorney, *for appellee*.

Rosel C. Hurley III, *for appellant*.

WILLIAM A. KLATT, J.:

{¶ 1} Defendant-appellant Deangelo Campbell ("Campbell") appeals his convictions following a guilty plea. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} On July 25, 2023, a Cuyahoga County Grand Jury indicted Campbell on five counts of trafficking in violation of R.C. 2925.03(A)(2), six counts of drug possession in violation of R.C. 2925.11(A), one count of domestic violence in violation of R.C. 2919.25(A), and one count of theft in violation of R.C. 2913.02(A)(1). Campbell initially pleaded not guilty to these charges.

{¶ 3} On December 18, 2023, the court held a change-of-plea hearing. Campbell pleaded guilty to two counts of drug possession in violation of R.C. 2925.11(A), one amended count of attempted drug possession in violation of R.C. 2925.11(A) and 2923.02, and one amended count of attempted domestic violence in violation of R.C. 2919.25 and 2923.02. The remaining counts in the indictment were nolled.[1]

{¶ 4} On January 30, 2024, the court held a sentencing hearing. Campbell's counsel, the assistant prosecuting attorney, and Campbell addressed the court. The court stated that it had reviewed Campbell's presentence investigation and determined that his lengthy "criminal history cries out for consecutive sentences." The court proceeded to sentence Campbell to time served for attempted domestic violence and 11 months on each of the remaining three counts to which he pleaded guilty and ordered these sentences to be served consecutively. The court stated:

---

[1] At the change-of-plea hearing, Campbell also resolved two other unrelated criminal cases by guilty plea. This appeal involves only Cuyahoga C.P. No. CR-23-682285-A.

I'm going to run those consecutive because it's necessary to protect the public.

I went over how many times you were guilty of selling drugs and 33 months is not disproportionate to the serious nature of your conduct and your danger to the public. At least two of these were done as one course of conduct, and again, your history, your criminal history demonstrates that consecutive sentences are necessary to protect the public.

{¶ 5} Campbell filed a timely notice of appeal and presents a single assignment of error for our review:

The record does not clearly support the imposition of consecutive sentences in Case No. CR-23-682285-A and as a result is contrary to law.

**Law and Analysis**

{¶ 6} In Campbell's sole assignment of error, he argues that the trial court erred when it imposed consecutive sentences because the record does not support the consecutive-sentence findings made by the trial court.

{¶ 7} When imposing consecutive sentences, a sentencing court is required "to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell*, 2014-Ohio-3177, ¶ 29. Campbell concedes that the trial court made the necessary findings mandated by R.C. 2929.14(C)(4). Rather, he contends that the record does not support those findings.

{¶ 8} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that such

sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public; and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 9} When imposing consecutive sentences, the trial court is not required to recite the statutory language, nor is it required to state the reasons that support its findings where such support may be found in the record. *State v. Percy*, 2024-Ohio-664, ¶ 10 (8th Dist.).

{¶ 10} In cases in which the trial court makes the appropriate findings to impose consecutive sentences, as it did in this case, "our review of the record is limited to determine whether the record clearly and convincingly does not support the imposition of consecutive sentences." *State v. Hoffman*, 2023-Ohio-3977, ¶ 35 (8th Dist.), citing R.C. 2953.08(G); *State v. Gwynne*, 2023-Ohio-3851, ¶ 15 (plurality opinion) ("[A]n appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences."). The standard of

proof of clear and convincing evidence "is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶ 11} Here, the record reflects that Campbell has an extensive criminal history, that there were numerous active warrants for his failure to appear in various courts, and that he has a particularly extensive history of drug trafficking and drug abuse. Based on our review of the record, we cannot say that the record clearly and convincingly does not support the trial court's findings.

{¶ 12} Campbell also attempts to argue that consecutive sentences were improper because the offenses to which he pleaded guilty are allied offenses and therefore should have merged for sentencing. Campbell asserts that the State conceded that the offenses were allied offenses of similar import. This assertion is a mischaracterization of the record; the issue did not come up at the trial court and the State did not concede that the offenses were allied offenses of similar import.

{¶ 13} Additionally, Campbell has failed to separately assign this issue as an error or make a separate argument as required by App.R. 16(A). Moreover, Campbell failed to object to the imposition of multiple sentences below, and therefore even if he had presented a separate assignment of error as to merger, he has waived all but plain error. *State v. Seawright*, 2021-Ohio-1100, ¶ 9 (8th Dist.), citing *State v. Tate*, 2014-Ohio-5269, ¶ 35. Regardless, our review of the record

reveals that Campbell pleaded guilty to three trafficking offenses, each of which involved a different drug—heroin, methamphetamine, and phencyclidine (PCP) — and one domestic violence offense. These are not allied offenses of similar import pursuant to R.C. 2941.25.

{¶ 14} For these reasons, the trial court did not err in imposing consecutive sentences. Campbell's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
WILLIAM A. KLATT, JUDGE*

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)